WILLIAM B. RICE *vs.* ALEXANDER BROWN.

Hancock.    Opinion December 10, 1888.

*Jurisdiction.   Non-Resident.   Abatement.   Lease.   Waiver.   Evidence.*

Any non-resident of the state may maintain an action against any other non-resident in any county in which the defendant is personally served with process.

An instrument in the form of a lease, does not have the effect of merely a contract for a lease, because the lessee who resides at a distance from the leased premises, refuses to accept possession when he comes to see the premises.

There is a sufficient mutuality of contract and of consideration to constitute a binding lease, when one party signs with a seal, and the other without, no objection having been made thereto when the leases passed.

The lessee having refused to accept possession of the leased premises, wrote the lessor among other things, thus:—"I have concluded not to accept the cottage under any circumstances whatever, nor will I acknowledge any liability in the matter." To which the lessor replied:—"I have your note of to-day. I consider you have done me a gross wrong, by violating your written pledge given me six weeks ago, on a frivolous pretext. The satisfaction I have is that our acquaintance begins and ends the same day, and that we can never by any possibility have such disagreeable tenants as you are."

*Held,* That the reply did not of itself amount to a waiver of lessee's obligation, and whether, in connection with extraneous facts, it should have such a construction or not, was a question for the jury.

On exceptions and motion of the defendant to set aside the verdict, and for a new trial.

This was an action of covenant broken. The defendant seasonably filed a plea of abatement to the jurisdiction of the court, alleging that neither he nor the plaintiff were inhabitants, or citizens of the state, and that no goods, effects, or credits of his, the defendant, were found or attached upon the writ in the action. To this plea the plaintiff demurred. The presiding justice adjudged the plea bad, and sustained the demurrer. To this the defendant excepted.

The defendant requested the following instructions to the jury:—If from the evidence the jury find that the cottage was not completed and furnished on April 26, the date of the lease, and possession was never entered into by the defendant, or the cottage occupied by him, then the lease would be void as conveying something not in existence:—That the two letters (between plaintiff's agent and the defendant, embodied in the opinion) amounted to a waiver of the lease. The presiding justice declined to give the requested instructions, and the defendant excepted.

There was a verdict for the plaintiff.

*W. P. Foster*, for defendant.

Defendant's plea in abatement was good. The action should have been abated. The plaintiff, by his demurrer, admits the facts in defendant's plea. Neither plaintiff nor defendant, then, were either inhabitants or residents of the state, and no goods, effects or credits of the defendant were attached upon the writ. What is left upon which to found jurisdiction? The court is created by statute, and its jurisdiction is defined and limited by the legislature.

"Personal and transitory actions, * * * shall be brought * * * * when no plaintiff lives in the state, in the county where any defendant lives; and when not so brought, they shall on motion or inspection by the court, be abated, and the defendant allowed double costs." R. S., c. 81, § 9.

Our courts were not established for the adjudication of questions of contract between foreigners.

Says Shaw, C. J., in *Putnam* v. *Dike*, 13 Gray, 535 : "If indeed the defendant had never been an inhabitant of this state, and there was no effectual attachment of the defendant's property in this suit, and the defendant had appeared specially, and pleaded in abatement to the jurisdiction of the court, we do not perceive why it would not have been a good defense to this suit." This view is sustained by *King* v. *Jeffrey*, 77 Maine, 106 ; and *Sanborn* v. *Stickney*, 69 Maine, 343.

The two letters constituted, in law, a mutual waiver or recession of the contract declared upon, and the court should have so ruled.

The construction and effect of written instruments is for the court and not for the jury. The letters were written by the parties to the contract to each other, with regard to the subject matter of the contract. No facts were in dispute. The letter of Brown to Rice is a plain unequivocal notice on his part that he will not accept the cottage nor acknowledge any liability under the contract. All that was now needed was that Rice should assent to the proposed rescinding and the contract would be, in law, ended. The plaintiff's answer, written the same day, "Our acquaintance begins and ends the same day. I have the satisfaction of knowing that I can never by any possibility have such disagreeable tenants as you are," constitutes a sufficient and perfect acceptance of the defendant's proposed rescinding. Henceforth the contract was at an end by mutual agreement. As a simple meeting of minds was only required to make the agreement, a simple meeting of minds had ended it. The defendant, upon receipt of plaintiff's letter, leased another cottage and occupied it during the entire season. The key of the Rice cottage was never tendered him, nor was he notified in any way that the plaintiff still considered him his tenant. The cottage, "Saltair," remained in the possession and occupancy of the plaintiff as before. The letters are as high authority as the lease; a seal upon the lease was not required.

What other construction can reasonably be put upon the letter of the plaintiff than that of an acceptance of the proposed surrender? A party to a writing is presumed to have intended that it should have its ordinary and received signification. If it is

doubtful, it must be construed most strongly against him who has used the doubtful language, and in favor of him who may have been misled thereby. "The language used by one party to a contract is to receive such a construction as he, at the time, supposed the other party would give to it, or such a construction as the other party was fairly justified in giving to it." 11 Vermont, 490. And the understanding of the parties to a writing and their action upon it at the time is to be considered in interpreting it. And in that connection, the evidence of the acts of the parties at the time should have been considered, not by the jury, but by the court in determining what effect the letters had. The evidence of what was written, done and said upon the point of waiver is undisputed. The facts are unquestioned. Rice said to the defendant, "he did not propose to go to law about the matter in any event," "he refused to recognize me when we met on the street, and in every respect treated me as an entire stranger." 1 Greenl. §§ 277, 278 and notes; *Clark* v. *Lillie*, 39 Vt. 405. No question of fact as to what was done or said or written with regard to waiver or mutual rescission was in dispute. It was merely a question of interpretation, of the meaning and effect of a written instrument, and was for the court. *Holbrook* v. *Burt*, 22 Pick. 546, 555; *Drew* v. *Towle*, 30 N. H. 531; *McGee* v. *Northumberland*, 5 Watts, 33; *Nash* v. *Drisco*, 51 Maine, 417; 1 Greenl. § 49, note a. See *Dula* v. *Cowles*, 75 American Decisions, 463, where it is held that what acts amount to an abandonment of a contract are matters of law and should be decided by the court, not by the jury.

In *Hanham* v. *Sherman*, 114 Mass. 19, the sole question was whether there had been an accepted surrender of a lease, and the jury were told that any acts which would be equivalent to an agreement on the part of a tenant to abandon, and on the part of the landlord to resume possession would amount to a surrender by operation of law. In that case the dispute was as to the facts, as to what had taken place. In the present case there was no dispute as to facts, so far as waiver was concerned. The question was as to the effect of a writing. Of course much less would be required to show a surrender and acceptance of a term that had

never been entered upon than where possession had been taken. In the case under consideration, Mr. Brown had never occupied the premises.

The contract was not a lease, but an agreement for a lease. The subject of the contract was a furnished house, and the building, "Saltair," was not a house (not completed) nor furnished at the time the contract was signed. That which was the subject of the contract was to be afterwards created and not being in existence could not be leased. *Jackson* v. *Delacroix*, 2 Wend. 433. If it be said that it operated as a lease of the land or lot, then we say it was void in that respect from uncertainty. Plaintiff and defendant by their acts agreed in regarding the lease as executory.

The verdict should be set aside because the plaintiff has declared upon a sealed instrument executed on the plaintiff's part by an agent, but he has nowhere shown authority of equal dignity authorizing the agent to execute said contract. The instrument therefore lacked the element of mutuality and was not binding upon the defendant. *Snell* v. *Mitchell*, 65 Maine, 48; *Rogers* v. *Saunders*, 16 Maine, 92.

*Deasy and Higgins,* for plaintiff.

On the question arising upon the plea in abatement the counsel cited: *Peabody* v. *Hamilton*, 106 Mass. 217, 220; 20 Johns. (N. Y.) 208; *Lee* v. *Boston*, 2 Gray, 484, 490; *Cesna* v. *Myers*, Report of Committee on Elections, 42d Cong. U. S., McCrary on Elections, 2d ed., Appendix; Story's Conflict of Laws, §§ 543, 544; *Barrill* v. *Benjamin*, 15 Mass. 354; *Roberts* v. *Knights*, 7 Allen, 449; *Tweed* v. *Libbey*, 37 Maine, 49, 51.

It is expressly held in *Peabody* v. *Hamilton* and *Barrill* v. *Benjamin, supra,* that a non-resident has the same rights to sue in the courts of Massachusetts as a citizen of that state.

On the question of waiver, they contended that, the letters were properly submitted to the jury. There were circumstances surrounding and conversations between the parties, concerning the subject matter. It was proper that the jury should have the evidence of these circumstances and conversations, and the letters placed before them, together with such instructions as the court thought proper, under the circumstances, to give. When the

meaning of a contract depends upon facts *aliunde*, in connection with the written language, the question of construction is one of fact for the jury. *Springfield Bank* v. *Dana*, 79 N. Y. 108; *Solomon Etting* v. *Bank of United States*, 11 Wheat. 59; *School Dist.* v. *Lynch*, 33 Conn. 330; *Symmes* v. *Brown*, 13 Ind. 318; *Bedward* v. *Bonville*, 57 Wis. 270; *Taylor* v. *McNutt*, 58 Tex. 71; *Harper* v. *Kean*, 11 Serg. & R. 280; *Watson* v. *Blaine*, 12 Ib. 131; *Savage Manuf'g Co.* v. *Armstrong*, 17 Maine, 34; *Morrell* v. *Frith*, 3 Mee & W. 402, 404; *Donahue* v. *Fire Ins. Co.*, 56 Vt. 374.

On the lease, it was argued that if there are words of a present demise, without anything to indicate that the parties contemplate a further assurance, it is to be considered a lease, citing Taylor's Land. & Tenant, 7th ed. § 41; *Poole* v. *Bently*, 12 East. 168.

The seal imports a consideration, and there is abundant testimony of an actual consideration. The question of mutuality cannot arise in a court of law.

PETERS, C. J. The court had jurisdiction of the cause. Any non-resident of the state may sue any other non-resident in any county where the defendant is personally served with process. *Alley* v. *Caspari*, 80 Maine, 234, and cases there cited.

The instrument is clearly a lease,—not merely an agreement for a lease. The parties evidently intended it as such, and there is no evidence to prevent it having that effect. The premises were in existence when the papers were made, and were fully completed when the defendant visited them to take possession. *Sweetser* v. *McKenney*, 65 Maine, 225.

The defendant contends that, if it were a lease, he was not bound thereby, (never having actually occupied the leased premises) because there was not a mutuality of contract, the defendant sealing his contract, and it not appearing that the agent who sealed the instrument for the plaintiff had any authority under seal to do so. This point does not appear in the exceptions, nor is there any indication in the report that it was taken during the trial. But the point avails nothing, if we consider it. The

defendant sealed the contract, and the plaintiff, whether he sealed the contract or not, signed it, and each side became bound thereby. It is the same as if the contract had been in two instruments, one containing covenants or promises under seal, and the other containing promises unsealed, each being a sufficient consideration for the other. Each would be valid.

The greater contest at the trial was whether the plaintiff had waived a performance by the defendant or not. The defendant examined the leased premises, and, on account of some dissatisfaction concerning them, refused to enter into occupation. After some interviews between the parties, during which some unpleasant feeling was engendered, the defendant wrote the plaintiff this letter: "Having waited a reasonable time for you to make up your mind, I have now decided not to submit the questions between us to arbitration; and have also decided not to accept the cottage under any circumstances whatever, nor will I acknowledge any liability in the matter." On the same day the plaintiff wrote in reply: "I have your note of to-day. I consider that you have done me a gross wrong, by violating your written pledge, given me six weeks ago, on a frivolous pretext. The satisfaction I have is that our acquaintance begins and ends on the same day, and that we can never by any possibility have such disagreeable tenants as you are."

It was contended at the trial that the two communications constituted an abandonment by one and an acceptance of the abandonment by the other; in other words a waiver of the contract of lease. The judge did not interpret the papers, but left the meaning of them, in connection with other facts, to be ascertained by the jury. Although it is a question of some doubt, a close question, we think on the whole, it would be holding too rigidly against the plaintiff to determine that he waived a performance of the contract, by his letter of reply. The letter rather expresses disappointment, in a sarcastic way, and rebukes the defendant for his conduct. The plaintiff was justified in using the expression that their acquaintance was closed, without waiving any right, because the defendant had peremptorily refused to occupy the cottage, and the plaintiff might afterwards very

well understand that the defendant was not occupying it, not because released from the lease, but because he had expressly avowed before the plaintiff's letter was written that he never would occupy it. Had the plaintiff's letter been written before the defendant wrote his, and the same statement in substance been made in it, the argument for the defendant's interpretation would be stronger. Evidently, the defendant failed to accept the premises, not on account of waiver, but because he had committed himself to a refusal to do so before any waiver could have taken place.

The letters not being conclusive in themselves on the question, they were properly dealt with as belonging to a series of facts to be submitted to the jury. It was the judge's duty to instruct the jury what meaning the papers were susceptible of, if any meaning could be sufficiently comprehended from them, and the jury were to decide on all the evidence whether such or what meaning attached. The effect to be given to written when combined with oral evidence, and the general rules governing the mixed evidence, is fully explained in *State* v. *Patterson*, 68 Maine, 473. The case does not show that the proper rule in this respect was not observed.

No other points have been argued by the counsel for the defendant, although some other minor questions were reserved. The verdict was not an erroneous one on the evidence.

*Motion and exceptions overruled.*

WALTON, DANFORTH, VIRGIN, EMERY and HASKELL, JJ., concurred.