STATE EX REL. RUSH, Petitioner, vs. CIRCUIT COURT FOR DANE COUNTY and others, Respondents.

*September 16—October 11, 1932.*

For the petitioner there was a brief by *Bloodgood, Kemper, Lamb & Passmore,* attorneys, and *Samuel Becker* and *Earl Morse* of counsel, all of Milwaukee, and oral argument by *Mr. Becker.*

For the respondents there was a brief by *Stephens, Sletteland & Sutherland* of Madison, and oral argument by *Marvin P. Verhulst,* all of Madison.

FAIRCHILD, J. It is urged on behalf of relator that sec. 85.05 (3), Stats., which provides for service of a summons on a non-resident causing personal injury while using our highways by delivering the summons to the secretary of state and taking the other steps by statute provided, does not authorize the commencement of an action by substituted service where both plaintiff and defendant are not residents of this state but reside elsewhere and in the same state. And further, that if this section be construed to authorize the commencement of an action when those facts are present, it results in a denial of due process of law, and is contrary to the Fourteenth amendment of the United States constitution and secs. 1, 9, and 13 of art. I of the state constitution.

The rendition of a personal judgment by a court of a state against a person over whom the state has no jurisdiction would of course be a denial of due process, but by virtue of this statute and the consent of the defendant to the service of process therein provided for, evidenced by his use of the highways of this state, he is well within the

jurisdiction. *State ex rel. Cronkhite v. Belden,* 193 Wis. 145, 211 N. W. 916, 214 N. W. 460.

Even assuming that the consent upon which the constitutionality of such laws is based is a fiction and that the real basis for sustaining them is the necessity of securing safety on the highways, the extension of the benefits of the act to non-residents violates no constitutional prohibition. The state has nearly as great an interest in promoting the safety of non-residents using our highways by securing for them convenient redress in case of injury as it has in its own residents. The necessity which justifies such an act with respect to residents is broad enough to justify the inclusion of non-residents. The fact that there may be occasional cases in which participants in an automobile accident happen to be not only non-residents of this state but residents of the same distant state or town, and that as to them there is no particular call for the protection given by the act, does not militate against its constitutionality any more than the fact that some people within a classification whose situation appears to be considerably different from that of the bulk of others in the same classification will, in itself, destroy the validity of the classification.

This statute is plain and without ambiguity. No words occur in it limiting the benefits thereof in its operation to resident plaintiffs. The apparent purpose of giving equal protection to resident and non-resident users of this state's highways is consistent with constitutional requirements. Sec. 2, art. IV, U. S. Const.; *Cole v. Cunningham,* 133 U. S. 107, 10 Sup. Ct. 269; *Blake v. McClung,* 172 U. S. 239, 19 Sup. Ct. 165.

*By the Court.*—Motion to quash the alternative writ of prohibition granted.