MARGARET C. BEACH, widow of John W. Beach, deceased, *v.* D. W. PERDUE COMPANY, INCORPORATED, a corporation of the State of Maryland.

(*October* 17, 1932.)

PENNEWILL, C. J., HARRINGTON and RICHARDS, J. J., sitting.

*James M. Tunnell* for plaintiff.

*Daniel J. Layton* and *Frank M. Jones* for defendant.

Superior Court for Sussex County, Action on the case for negligence, No. 37, June Term, 1932.

HARRINGTON, J., delivering the opinion of the Court:

The only question for us to determine is whether *Chap. 225, Vol. 35, Laws of Delaware,* is confined in its operation to the service of process in civil actions in which the plaintiffs are residents of the State of Delaware or whether it also applies in actions against non-resident operators or owners of motor vehicles involved in collisions, or other accidents, while using the public highways of this State, no matter where the plaintiffs in such actions may reside.

This statute provides that "Any non-resident owner or operator" of a motor vehicle, not registered under the laws of this State, who shall use the public highways of this State, shall by the acceptance of that privilege be deemed to have "appointed * * * the Secretary of State * * * his * * * agent for the acceptance of legal process in any civil action against such non-resident owner, operator

or driver growing out of any accident or collision occurring within this State," etc.

It also provides that "service when so made shall be as effectual to all intents and purposes as if made personally upon such non-resident within this State; provided, that a copy of the process with notice of such service,  *   *   * are forthwith sent by registered mail by the plaintiff * * * to said non-resident defendant," etc.

As we have already stated, the defendant company contends that the statute in question was merely intended to protect residents of the State of Delaware and that service of process in accordance with its provisions, where the plaintiff in the action is a non-resident cannot, therefore, give this Court jurisdiction over a non-resident defendant.

It is apparent, however, that the language of *Chap. 225, Vol. 35, Laws of Delaware,* will not bear such a limited construction.

By its terms the agency of the Secretary of State for the acceptance of legal process is based on the use of the public highways of this State by "any non-resident owner, operator or driver of any motor vehicle, and not registered" in this State. See *Hess v. Pawloski,* 250 *Mass.* 945; *Hess v. Pawloski,* 274 *U. S.* 352; *Wuchter v. Pizzutti,* 276 *U. S.* 13; *State v. Belden (Wis.),* 211 *N. W.* 916; 39 *Harv. Law Rev.* 563.

The agency in question also applies in "any civil action against any such non-resident owner or operator growing out of any accident or collision occurring within this State," etc.

█ The provision to the effect that process served in accordance with its terms shall be as effectual as if served personally in this State is equally broad and unrestricted. This as well as the other language of the statute must, therefore, be given effect in accordance with its usual plain and obvious meaning and without the addition of limita-

tions or exceptions that do not fairly appear in it. *Van Winkle v. State,* 4 *Boyce* 578 (610) ; *In re Elder,* 3 *W. W. Harr.* (33 *Del.*) 11.

The contention of the defendant company is almost entirely based on *Pizzutti v. Wuchter* (*N. J.*), 134 *A.* 727, and *State v. Belden* (*Wis.*), 211 *N. W.* 916. In the first of these cases, the Court, in considering a somewhat similar statute, said: "Such laws seem but the reasonable exercise of the rights of the State for the protection of its citizens." In the *Belden Case,* the Court also said: "While it is true that constitutional rights may not be subordinated to administrative convenience, we perceive no just reason why a non-resident coming within the State, using the special facilities provided by the State, and afforded the protection of its laws, may not be subjected to the jurisdiction of the State in respect to acts done by him in violation of its law and be compelled to respond in damages for wrongs done its citizens while within the State in the operation of its automobile."

Both of these cases involved suits by resident plaintiffs. The language used by the courts was, therefore, pertinent to the facts before them, but it has no application to this case. Even if it be conceded that the real reason for the enactment of *Chap.* 225, *Vol.* 35, *Laws of Delaware,* was the protection of citizens of the State, there is nothing whatever in the broad and general language used to indicate that it merely applied to the service of process in suits by residents of Delaware.

Having reached this conclusion, it is unnecessary for us to consider whether a statute so limited by its provisions would violate the equal privilege laws of the *Constitution of the United States* (*Sec.* 2, *Art.* 4). See, however, *Black v. Seal,* 6 *Houst.* 541; *Chambers v. B. & O. R. R. Co.,* 207 *U. S.* 142; *Paul v. Virginia,* 8 *Wallace* 168. See, also, Argument of Counsel in *Wuchter v. Pizzutti,* 276 *U. S.* 13, as to the meaning and effect of the clause in the similar

New Jersey statute, which made the Secretary of State the agent of the defendant for the acceptance "of process in any civil suit or procedure by any resident of the State of New Jersey. * * *"

The motion of the defendant company to quash the service of process on it is, therefore, refused.