Coös,
Feb. 7, 1933.

OLIVE GARON *v.* LORETTA POIRIER.

ADELBERT GARON *v.* SAME.

*Dupont & Laforce* and *Crawford D. Hening* (*Mr. Hening* orally), for the plaintiffs.

*Alexander Murchie*, also filed a brief as *amicus curiae*.

*Ovide J. Coulombe* (by brief and orally), for the defendant.

PEASLEE, C. J.   No question is made as to the validity of the statute (P. L., *c.* 100, *ss.* 32, 33) under which the service was made.   It

is conceded that the earlier conclusion upon this subject (*Poti* v. *Company*, 83 N. H. 232) is sound. The sole ground of objection is that the legislature did not intend that a non-resident plaintiff should in this way bring a non-resident defendant into our courts, there to litigate the issue of liability for an accident happening upon a local highway.

The short answer to this claim is that there is no evidence of a purpose to restrict the application of the statute in the manner proposed. The statutes of this state have long recognized the privilege, if not the right, of non-residents to come into our courts. P. L., *c.* 328, *s.* 1; *Bishop* v. *Company*, 62 N. H. 455. If there had been a purpose to limit the scope of the statute now under consideration, so that only residents of the state should have the benefit it conferred, some expression of that design would be found. "The provision . . . was not provincial in character." *Ghilain* v. *Couture*, 84 N. H. 48, 55. The same conclusion has been reached in other jurisdictions. *State ex rel. Rush* v. *Circuit Court*, 209 Wis. 246; *Beach* v. *Company* (Del.) 163 Atl. Rep. 265. No authority to the contrary has been cited or found.

The statute merely provides a new method of serving process—of getting the defendant into court. If she had been found within the state and there served with process, jurisdiction over her would have been obtained. By making use of our highways the defendant agreed that service made in the manner here adopted should "be of the same legal force and validity as if served on him personally." P. L., *c.* 100, *s.* 32.

It is therefore unnecessary to consider whether the state could provide in such a statute that it should be for the benefit of citizens of this state only. See *Paine* v. *Drew*, 44 N. H. 306.

<em>Exceptions overruled.</em>

All concurred.