JOHN SOBECK and EDWARD SOBECK, Respondents, v. WILLIAM J. KOELLMER and THERESA KOELLMER, Appellants (Appearing Specially, etc.).— Order denying motion to set aside service of summons and complaint affirmed, with ten dollars costs and disbursements, with leave to defendants to serve an answer within twenty days after service of the order of affirmance with notice of entry thereof. The order of the court below was made " in the exercise of a sound discretion." Although we are in accord with the conclusion reached by the court at Special Term, we differ with the stated reason. The action was between non-residents of this State to recover damages for injuries alleged to have been occasioned in this State by defendants' automobile. Service of the summons and complaint was not personally made upon defendants, but was made pursuant to the provisions of section 52 of the Vehicle and Traffic Law. At common law the unusual right exercised by plaintiff in this case did not exist. (*Skandinaviska Granit Aktiebolaget* v. *Weiss*, 226 App. Div. 56.) The development of the automobile has made such procedure necessary. The decision of the motion does not depend upon the exercise of the court's discretion, as was stated in *Murnan* v. *Wabash Railway Co.* (246 N. Y. 244), but upon an interpretation of the applicable sections of the Vehicle and Traffic Law. Section 52 of the law, read in connection with section 53, leaves no doubt that the Legislature intended non-residents as well as residents of this State to have the privilege of instituting actions arising from the operation of a motor vehicle in this State by a special form of substituted service of the summons. Section 53 provides that plaintiff may be required to give security for costs in the sum of $250. There is no distinction between resident and non-resident plaintiffs. Non-resident plaintiffs in automobile cases are, therefore, put in the same class as non-resident plaintiffs in other cases, at least in so far as security for costs is concerned. (See Civ. Prac. Act, § 1522.) The privilege of suing in New York does not depend upon collateral facts upon which a sound discretion may be exercised, but upon the right granted by the Legislature, which, it seems, has not discriminated against non-resident plaintiffs. Lazansky, P. J., Kapper, Carswell, Scudder and Tompkins, JJ., concur.

CARMELO S. STAMBERGER, Respondent, v. ADOLPH BIER and FRANK BIER, Appellants.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Tompkins, JJ.

WILLIAM STOLL, Respondent, v. HEDDEN IRON CONSTRUCTION COMPANY, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ.