HENRY R. FINE *vs.* GEORGE WENCKE.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 10th—decided November 7th, 1933.

*Adrian W. Maher,* with whom, on the brief, were *Martin E. Gormley* and *Edward J. Maher,* for the appellant (defendant).

*William Dorkin,* for the appellee (plaintiff).

PER CURIAM. The plaintiff brought this action to recover damages for personal injuries suffered in an automobile accident occurring in Connecticut. He is a resident of Massachusetts and the defendant is a resident of New York. The writ was made returnable and was returned to the Superior Court for Hartford County. Service was made upon the commissioner of motor vehicles as the agent of the defendant within the provisions of § 5473 of the General Statutes. The complaint claimed $5000 damages. No property was attached in the action. The defendant entered a general appearance and contested the case upon the merits. He now appeals upon the ground that the trial court was without jurisdiction to hear and determine the action.

When the plaintiff came into this State and instituted his action here he brought within our jurisdiction

the subject-matter of that action, his right to recover damages for personal injuries suffered by reason of the negligence of the defendant. *Place* v. *Lyon,* Kirby, 404; *Vanbuskirk* v. *Hartford Fire Ins. Co.,* 14 Conn. 583, 589, 591; *Hatch* v. *Spofford,* 24 Conn. 432, 440; *Artman* v. *Artman,* 111 Conn. 124, 127, 149 Atl. 246; *Barrell* v. *Benjamin,* 15 Mass. 354. The Connecticut cases cited establish that our public policy is not adverse to our courts taking jurisdiction of actions between nonresidents brought here in good faith, when the court has jurisdiction of the subject-matter and parties, if, indeed, under the provision of the United States Constitution guaranteeing to the citizens of each State all the privileges and immunities of citizens of the several States, we might refuse to entertain such an action; U. S. Const., Article IV, § 2; and we find nothing in the terms of the statute authorizing service upon nonresidents operating motor vehicles in this State through the motor vehicle commissioner, or in kindred statutes, which discloses an intent on the part of the legislature to restrict service in the way outlined to actions brought by persons domiciled in this State. *Garon* v. *Poirier* (N. H.) 164 Atl. 765; *State ex rel. Rush* v. *Circuit Court,* 209 Wis. 246, 244 N. W. 766; *Beach* v. *Perdue Co., Inc.* (Del. Super.) 163 Atl. 265. By his general appearance the defendant submitted himself to the jurisdiction of the court. *Dennison* v. *Hyde,* 6 Conn. 508, 516; *Grand Lodge of Conn.* v. *Grand Lodge of Mass.,* 83 Conn. 241, 260, 76 Atl. 533; *White* v. *Greene,* 96 Conn. 265, 272, 114 Atl. 112. The amount involved in the action was sufficient to make it properly cognizable in the Superior Court. General Statutes, § 5441. That court is one court throughout the State; if there was any defect in bringing the action in Hartford County, it went to venue and not jurisdiction; and, no claim of want of venue

having been made at the trial, the question cannot now be raised. *Mower* v. *State Department of Health,* 108 Conn. 74, 77, 142 Atl. 473.

There is no error.