HELEN MALAK, Plaintiff, *v.* O. D. UPTON, Defendant.

Supreme Court, Erie County, April 4, 1938.

*Robert I. Millonzi*, for the plaintiff.

*Harold J. Adams* [*Howard H. Starrett* of counsel], for the defendant.

HARRIS, J. The defendant herein moves for an order setting aside the service of the summons and complaint herein and declaring such service to be null and void. Both of the parties herein are non-residents of the State of New York. The cause of action

is based on a claim for personal injuries suffered in an automobile accident within the State of New York. Service was effected upon the defendant herein by means of the provision of section 52 of the Vehicle and Traffic Law of the State, which section 52, so far as pertinent to this motion, is as follows:

" § 52. Service of summons on nonresidents. The operation by a nonresident of a motor vehicle * * * on a public highway in this State, or the operation * * * of a motor vehicle * * * owned by a nonresident * * * shall be deemed equivalent to an appointment by such nonresident of the Secretary of State to be his true and lawful attorney upon whom may be served the summons *in an action* against him, growing out of *any accident or collision* * * * ; and such operation shall be deemed a signification of his agreement that *any such summons against him which is so served shall be of the same legal force and validity as if served on him personally within the State* and within the territorial jurisdiction of the court from which the summons issues. A summons in such an action may issue in any court in the State having jurisdiction of the subject-matter."

The ground first advanced by the defendant is that by the adoption of the above-cited section 52 of the Vehicle and Traffic Law the Legislature intended only to include actions in which the plaintiff is a resident of New York State. To support such contention the defendant cites *Vecchione* v. *Palmer* (249 App. Div. 661). An examination of the *Vecchione* case leads to the conclusion that service was vacated therein due to the fact that the court could not take jurisdiction of an executor who gained his authority under the laws of another State. *Sobeck* v. *Koellmer* (240 App. Div. 736) holds that under section 52 a non-resident can begin action against another non-resident by means of service under section 52. This viewpoint is sustained in the following named cases in other jurisdictions: *Beach* v. *Perdue Co., Inc.* (35 Del. 285; 163 A. 265); *Garon* v. *Poirier* (86 N. H. 174; 164 A. 765); *Fine* v. *Wencke* (117 Conn. 683; 169 A. 58); *State ex rel. Rush* v. *Circuit Court* (209 Wis. 246; 244 N. W. 766). In these cases last above cited the statutes in reference to substituted service there under discussion were similar to section 52 of the Vehicle and Traffic Law of this State and the underlying principle sustaining such service is that in order to curb the improper use of motor vehicles on its highways, the State could exercise its police power no matter what the residence of the parties using such highways.

In view of the above-mentioned authorities this court is of the opinion that service on behalf of one non-resident against the other in an action growing out of an accident occurring within the State

is service covered by section 52 of the Vehicle and Traffic Law of this State.

The defendant, in further attacking the service of the summons and complaint herein, asks the court to use its discretion in refusing to entertain jurisdiction of this action on the ground that each of the parties herein is a non-resident of New York State and each has a residence in a State differing from the residence of the other party. In support of this branch of his motion the defendant cites *Gainer* v. *Donner* (140 Misc. 841). In the *Gainer* case all of the parties therein were residents of McKean county in the State of Pennsylvania. The action grew out of an automobile collision in the State of New York. In that case the court held that jurisdiction is discretionary and refused jurisdiction on the ground that the parties to the action, being residents of the same county, which was a county in Pennsylvania contiguous to the county in New York State in which the accident occurred, it would be more convenient for such parties to litigate their matters in their home State and county. In *Hunter* v. *Hosmer* (142 Misc. 382), an action in which the parties were residents of the State of Pennsylvania and which grew out of an accident which occurred in the State of New York, the court denied the motion to reject jurisdiction and retained jurisdiction of the action. In the *Hunter* case the court pointed out that the court had no discretion to retain or refuse jurisdiction, but that so long as the cause of action arose within the State the court had to take jurisdiction. Both the *Gainer* and the *Hunter* cases cite *Murnan* v. *Wabash R. Co.* (246 N. Y. 244). This court, in the motion now under consideration, feels itself better guided by the *Hunter* decision than by that of the *Gainer* case because this court is of the opinion that so long as the accident occurred within the State the plaintiff herein has a right to bring this action in this State. If it were a matter of discretion, then this court would hold that, in view of the varying residences of the parties and the situs of the accident, it would be a better exercise of discretion for this court to take jurisdiction and not to refuse the same.

The motion is denied.