STELLA M. GIANETTO, Respondent, *v.* JOSEPH LA DELPHA et al., Appellants.

Fourth Department, May 2, 1951.

*Lawrence Conboy* for appellants.

*Daniel Scanlon* and *Henry H. Willmott* for respondent.

WHEELER, J. The action is for personal injuries suffered by the plaintiff as the result of a motor vehicle accident while she was riding as a guest in an automobile owned by the defendant Joseph La Delpha and operated by defendant Frances

La Delpha in the State of New York. All of the parties are residents of the province of Ontario, Canada. The summons and complaint were served upon the defendants pursuant to section 52 of the Vehicle and Traffic Law, which provides for a substituted service upon nonresident defendants in cases arising out of a motor vehicle accident within this State. The appeal is from the order of Special Term denying defendants' motion, on special appearance, for an order vacating the service of the summons and complaint and dismissing the action for lack of jurisdiction.

The facts being admitted, the issue is one of law and is simply phrased: Is section 52 of the Vehicle and Traffic Law available to a nonresident alien desiring to institute action in this State? The question has not been raised directly in any reported cases.

Section 52 does not refer to plaintiffs, as regards residence or otherwise, but is addressed solely to the service of process upon certain nonresident defendants. The defendants here, not being residents of the United States, are certainly "nonresidents" of New York, and are thus subject to the provisions of that section. The fact that the defendants are residents of a foreign country does not alter the situation; the statute itself provides for proof of service of summons in a foreign country, and the constitutionality of this provision has been upheld. (*Hand* v. *Frazer*, 139 Misc. 446, affd. 233 App. Div. 800.)

We are asked to divide nonresident plaintiffs into two distinct classes — those who may have the benefit of this procedural statute, and those who may not. Our courts have not heretofore distinguished between residents of the United States and aliens in regard to their being nonresidents of the State of New York. Alien plaintiffs are subject to the same rules and principles as are other nonresidents, and we cannot, insofar as the institution of an action in our courts is concerned, distinguish between a nonresident domiciled in Pennsylvania or California and a nonresident whose home is in Canada or Mexico.

The jurisdiction to hear and determine an action in tort depends not upon the residence of the parties, but upon the place where the cause of action arose and acquisition of jurisdiction over the parties. "A plaintiff may bring a suit upon such a cause of action wherever he may be, provided he can find a court which has jurisdiction of the action and can obtain jurisdiction of the defendant. * * * Every rule of comity and of natural justice and of convenience is satisfied by giving redress in our courts to non-resident litigants when the cause of action arose * * * within this state." (*Robinson* v.

*Oceanic Steam Navigation Co.,* 112 N. Y. 315, 321, 324; see, also, *Hunter* v. *Hosmer,* 142 Misc. 382.) In fact, the Court of Appeals has recently referred to the subject in the following language: " It is only when an action is brought by one nonresident against another for a tort committed outside the State that our courts may refuse to take cognizance of the controversy." (*de la Bouillerie* v. *de Vienne,* 300 N. Y. 60, 62.)

The statute itself contains no limiting provisions regarding who may avail himself of the statute, and the courts of this State have not been hesitant in extending the privilege to residents of sister States (*Sobeck* v. *Koellmer,* 240 App. Div. 736; *Malak* v. *Upton,* 166 Misc. 817). The defendants concede that the provisions of section 52 should be made available to residents of sister States, but urge that we should not extend that privilege to an alien plaintiff. We cannot agree. As heretofore indicated, there is no reason whatsoever why an alien plaintiff should not be accorded the same privileges enjoyed by residents of sister States.

The plaintiff has submitted to our requirements and to deny her the benefit of any particular provision of our procedural statutes would be unwarranted discrimination. The Legislature has not so discriminated, and we may not do so.

The order should be affirmed, with $10 costs and disbursements.

All concur. Present — TAYLOR, P. J., McCURN, VAUGHAN, PIPER and WHEELER, JJ.

Order affirmed, with $10 costs and disbursements. [See *post,* p. 1022.]