HARRIET L. WHITE

*vs.*

G. BYRON MARCH

Kennebec.   Opinion, August 31, 1951.

*Alan L. Bird,*
*Samuel W. Collins, Jr.,* for plaintiff.
*Berman, Berman & Wernick,* for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

THAXTER, J. This action to recover damages to property and for personal injuries grew out of a collision of two automobiles on Route 1 in the State of Maine on the road between Stockton Springs and Bucksport, in this state. The plaintiff was a resident of Bridgeport in the State of Connecticut, the defendant was a resident of St. John, Newfoundland. Personal service was not made within the State of Maine on the defendant but jurisdiction of him was claimed to have been obtained by substituted service made on the Secretary of State as agent of the defendant in accordance with the provisions of R. S., 1944, Chap. 19, Sec. 59. The defendant filed a motion to dismiss the action on the ground of want of jurisdiction. The sitting justice granted the motion and to such ruling the plaintiff excepted. The case is before us on such exception.

There are two questions raised by defendant's motion to dismiss, which the sitting justice granted. Firstly: Was the purpose of the legislature, as expressed in the statute, to provide for obtaining jurisdiction over a non-resident defendant in a suit brought by a non-resident plaintiff in the courts of this state? Or was such right to be restricted as claimed by the defendant to a plaintiff who was a resident of this state? Secondly: Were the provisions of R. S., 1944, Chap. 19, Sec. 59, fully complied with? The provisions of Sec. 59 read as follows:

"Sec. 59. Non-resident operating motor vehicle in this state to appoint secretary of state as attorney for service of process; how service is to be made. R. S. c. 29, Sec. 130. The acceptance by a person who is a resident of any other state or country of the rights and privileges conferred by this chapter as evidenced by the operation, by himself or agent, of a motor vehicle thereunder, or the operation by such a person, by himself or his agent, of a motor vehicle on a public way in this

state otherwise than under the provisions of said chapter, shall be deemed equivalent to an appointment by him of the secretary of state, or his successor in office, to be his true and lawful attorney upon whom may be served all lawful processes in any action or proceeding against him, growing out of any accident or collision in which such person or his agent may be involved, while operating a motor vehicle on such a way, and said acceptance or operation shall be a signification of his agreement that any such process against him which is so served shall be of the same legal force and validity as if served on him personally. Service of such process shall be made by leaving a copy thereof with a fee of $2 in the hands of the secretary of state, or in his office, and such service shall be sufficient service upon such non-resident; provided that notice of such service and a copy of the process are forthwith sent by registered mail by the plaintiff to the defendant, and the defendant's return receipt, and the plaintiff's affidavit of compliance herewith, are appended to the writ and are filed with the clerk of courts in which the action is pending, or that such notice and copy are served upon the defendant, if found within the state, by an officer duly qualified to serve legal process, or, if found without the state, by any duly constituted public officer qualified to serve like process in the state or jurisdiction where the defendant is found, and the officer's return showing such service to have been made is filed in the case on or before the return day of the process or within such further time as the court may allow. The court in which the action is pending may order such continuance as may be necessary to afford the defendant reasonable opportunity to defend the action."

By its terms the statute in question is not limited to actions brought by a resident plaintiff. That is admitted by counsel for the defendant. The legislature could easily have inserted such provision in the statute if it had wished.

It is settled law in this jurisdiction that when an alien or non-resident is personally present in any place in this state,

however temporarily or transiently, and is there served with process, our courts have complete jurisdiction over his person. *Alley* v. *Caspari,* 80 Me. 234, 237. As was clearly said by Chief Justice Peters in *Rice* v. *Brown,* 81 Me. 56, 61, "Any non-resident of the state may sue any other non-resident in any county where the defendant is personally served with process." Such is the rule in Massachusetts. *Peabody* v. *Hamilton,* 106 Mass. 217.

It has been the policy of our legislature to extend the jurisdiction of our courts by providing in some cases for substituted service against non-resident defendants. Thus provision is made for giving jurisdiction over non-resident corporations before they are permitted to do business within our state, and over non-resident motorists who are involved in an accident while driving on our highways. The constitutionality of such a provision as is here involved, R. S., 1944, Chap. 19, Sec. 59, is unquestioned. *Pawloski* v. *Hess,* 253 Mass. 478, affirmed 274 U. S. 352, 71 L. Ed. 1091. See 32 Mich. L. Rev. 325; 37 Mich. L. Rev. 58. Such policy is but a recognition that the law must keep abreast of the demands of modern science in so far as they apply to travel by automobile. There is thus provided by the exercise of the police power an efficacious remedy to promote the public safety and preserve the public health on behalf of those injured in their persons or property by the negligent use of our highways by others. *Pawloski* v. *Hess,* 250 Mass. 22. *Kane* v. *New Jersey,* 242 U. S. 160, 61 L. Ed. 222. This jurisdiction over a non-resident defendant is claimed by some courts on the theory that by using our highways to travel by automobile, the non-resident motorist thereby consents to the appointment of the Secretary of State as his agent to accept service of process in actions growing out of the operation of his automobile within the state. But it is not true consent and the law should meet this issue head on rather than to rest jurisdiction on a fiction. Judge Holmes has pointed out in his work on the Common Law, page 1,

that "The life of the law has not been logic; it has been experience." And Judge Hand clearly shows that jurisdiction over a foreign corporation is not obtained by reliance on the fiction that such corporation has in fact consented to be served here. He says in *Smolik* v. *Philadelphia & Reading Coal & Iron Co.*, 222 Fed. 148, 151 (S.D. N. Y. 1915):

> "When it is said that a foreign corporation will be taken to have consented to the appointment of an agent to accept service, the court does not mean that as a fact it has consented at all, because the corporation does not in fact consent; but the court, for purposes of justice, treats it as if it had. It is true that the consequences so imputed to it lie within its own control, since it need not do business within the state, but that is not equivalent to a consent; actually it might have refused to appoint, and yet its refusal would make no difference. The court, in the interests of justice, imputes results to the voluntary act of doing business within the foreign state, quite independently of any intent."

Counsel for the defendant calls our attention to the fact that in interpreting a statute we seek the intent of the legislature often in disregard of the letter of the enactment. *State* v. *Day*, 132 Me. 38. But it is a very different thing to explain an ambiguous statute by searching for legislative purposes in contravention to a statute's expressed terms, than it is to create a doubt of what a statute means by ascribing to the legislature an intent which the legislature has failed to express or has expressed by the use of quite contrary language. That is the story here. By its language this statute does not restrict the right of a non-resident plaintiff to sue in our courts. A transitory action may be brought by a non-resident plaintiff where jurisdiction over a non-resident defendant can be obtained in accordance with the principles of the common law or by substituted service in accordance with the provisions of R. S., 1944, Chap. 19, Sec. 59. Such has been the ruling of various courts

where the question has been specifically raised. Why should this court restrict the right of the non-resident plaintiff to sue by inserting in Sec. 59, *supra,* something which is not there? Why should he not be permitted to bring suit by substituted service under this statute when he is plainly embraced within its terms? To bar him would be to give to the statute a meaning contrary to legislative intent. It would be to bar our doors to litigants when legislative policy has been to open them as widely as possible. To use the words of the New Hampshire court, it would be to put a construction on a statute "provincial in character." It would be to construe the statute both contrary to its letter and spirit. *Garon* v. *Poirier,* 86 N. H. 174, 164 A. 765. That the plaintiff in this case has the right to bring suit in this state is in accord with authorities with which we agree. *Beach* v. *Perdue Co.* (Del. Super. Ct. 1932) 163 A. 265; *Fine* v. *Wencke,* 117 Conn. 683, 169 A. 58; *Herzoff* v. *Hommel,* 120 Neb. 475; *Garon* v. *Poirier, supra; Sobeck* v. *Koellmer* (App. Div. 1933) 265 N: Y. S. 778; *Malak* v. *Upton,* 3 N. Y. S. (2nd) 248; *State ex rel. Rush* v. *Circuit Court,* 209 Wis. 246; See *Martin* v. *Fischback Trucking Co.* (C. C. A. 1950) 183 F. (2nd) 53, 39 Harv. L. Rev. 563, 32 Mich. L. Rev. 347 et seq., 37 Mich. L. Rev. 58, 74.

We cite the following language from one of these authorities which is in accord with the doctrine expressed in all the others: *State ex rel. Rush, Petitioner* v. *Circuit Court for Dane County,* 209 Wis. 246, 248:

> "Even assuming that the consent upon which the constitutionality of such laws is based is a fiction and that the real basis for sustaining them is the necessity of securing safety on the highways, the extension of the benefits of the act to non-residents violates no constitutional prohibition. The state has nearly as great an interest in promoting the safety of non-residents using our highways by securing for them convenient redress in case of injury as it has in its own residents. The

necessity which justifies such an act with respect to residents is broad enough to justify the inclusion of non-residents."

We have given this discussion as this plaintiff may again seek to use the statute here in question to obtain jurisdiction of this defendant. If he does so we will say that the venue of this action was properly laid in the County of Kennebec. The statute does not restrict the venue of the action to the county where the accident happens or to any other particular county within the state. In the absence of any specific designation of venue, the normal place to bring the action was the County of Kennebec where service of process would normally be made. A statute as important as this does not fail because no provision is made as to venue.

We have seen that the statute here in question providing for substituted service on a non-resident motorist using our highways is a valid exercise of the police power of the state; that by its terms it is unrestricted in scope and applies in a suit brought by a non-resident plaintiff as well as in a suit brought by a resident. To give the court in Maine personal jurisdiction over the defendant, the statute in question however must be strictly followed. *Felstead* v. *Eastern Shore Express, Inc.* (Del. Super. Ct. 1932) 160 A. 910. See the language of the court in *Shushereba* v. *Ames,* 255 N. Y. 490. To construe this statute strictly imposes no hardship on a plaintiff, and it does insure the defendant protection. The statute here involved provides that the service of process shall be sufficient service upon the non-resident defendant, "provided that notice of such service and a copy of the process are forthwith sent by registered mail by the plaintiff to the defendant, and the defendant's return receipt, and the plaintiff's affidavit of compliance herewith, are appended to the writ and are filed with the clerk of courts in which the action is pending." This provision of the statute clearly was not complied with. We agree with counsel for the defendant that because of such defective service and because

of that alone no jurisdiction was ever obtained over the defendant. The case was properly dismissed; but the plaintiff is of course free to institute another action when he has shown compliance with the statutory provisions relating to service.

*Exception overruled.*