Dart Transit Company, Inc., Appellant, v. Wade W. Wiggins and George E. Hensel, Appellees.

Gen. No. 46,054.

Opinion filed December 22, 1953. Rehearing denied February 5, 1954. Released for publication February 19, 1954.

LORD, BISSELL & KADYK, of Chicago, for appellant; GORDON R. CLOSE, and RICHARD E. MUELLER, both of Chicago, of counsel.

Van Duzer, Gershon & Quinlan, of Chicago, for appellees; John B. Van Duzer, and Horace W. Jordan, both of Chicago, of counsel.

Mr. Justice Tuohy delivered the opinion of the court.

Plaintiff, Dart Transit Company, Inc., a corporation, brought suit in the superior court of Cook county against Wade W. Wiggins and George E. Hensel for indemnification and reimbursement of moneys paid by plaintiff to certain third parties. These third persons were injured as a result of a collision involving a tractor-trailer unit owned by defendant Wade W. Wiggins and being driven by his employee, George E. Hensel, and being then and there under lease to plaintiff and operated under interstate commerce permit. The accident happened November 24, 1951 near the city limits of Mt. Prospect, Cook county, Illinois, and as a result of the accident plaintiff, the lessee of the tractor trailer, was compelled to make payments totaling $15,000 to the injured persons in settlement of their claims. Plaintiff thereafter brought suit against the lessor-owner, Wade W. Wiggins, and the lessor's agent and driver, George E. Hensel, for indemnification and reimbursement of the sums paid to the injured parties (Count I), and against Wade W. Wiggins for reimbursement under the terms of the trip lease agreement under which the movement was being operated (Count II). Service was had on both defendants under the Illinois non-resident service statute, section 20a of the Motor Vehicles Act (Ill. Rev. Stat. 1951, chap. 95½, par. 23 [Jones Ill. Stats. Ann. 85.023]), inasmuch as both defendants are residents of the State of Florida. Both defendants filed a special and limited appearance and motion to quash summons. From an order quashing summonses, plaintiff appeals.

The ground upon which the ruling of the court below seems to have been based was that the cause of action stated in the complaint, not arising *ex delicto* but arising out of contractual obligations, did not therefore grow out of the use and operation of the motor vehicle over the highways of the State of Illinois. Another point argued here is that plaintiff, being a non-resident, is not entitled to benefits of the Illinois non-resident service statute. Both questions seem to be of first impression in this State.

We consider first the question whether the Illinois non-resident service statute permitting substituted service of process upon non-residents is restricted to actions *ex delicto.*

The pertinent provisions of the Illinois non-resident service statute (Ill. Rev. Stat. 1951, chap. 95½, par. 23 [Jones Ill. Stats. Ann. 85.023]) are as follows:

"The use and operation by any person of a motor vehicle over the highways of the State of Illinois, shall be deemed an appointment by such person of the Secretary of State, to be his true and lawful attorney upon whom may be served all legal process in any action or proceeding against him, growing out of such use or resulting in damage or loss to person or property, and said use or operation shall be signification of his agreement that any such process against him which is so served, shall be of the same legal force and validity as though served upon him personally if such person is a non-resident of this State or at the time a cause of action arises is a resident of this State but subsequently becomes a non-resident of this State. . . ."

This question was before the Supreme Court of Louisiana in *Maddry v. Moore Bros. Lumber Co.* (1940), 195 La. 979, 197 So. 651, and it was held that the non-resident service statute there under consideration

was not restricted to actions *ex delicto* where such grew out of the use or operation of the motor vehicle over the highways of the State. In that case plaintiff, a Louisiana resident, sued defendants, a partnership and the members thereof, all of whom were residents of Texas, for injuries received while riding in an automobile owned by the partnership and driven by its employee. Plaintiff asked in the alternative for an award of compensation under the Employers' Liability Act if it was held that at the time of the accident he was an employee of the partnership. Service was made against the defendants on the Secretary of State and the defendants claimed the Act did not apply to a compensation claim, as compensation is based on contract and the Act applied only to personal injury actions. The court, in holding the contrary, quoting its statute to the effect that the Secretary of State of Louisiana was appointed by such non-resident "to be his true and lawful attorney for service of process, upon whom may be served all lawful process in any action or proceeding against said non-resident growing out of any accident or collision in which said non-resident may be involved while operating a motor vehicle on such highways, or while same is operated by his authorized employee," said in part (pp. 652, 653):

"From a reading of the above quoted Section of the Act it is apparent that a non-resident, or his agent, who operates a motor vehicle on the highways of this State, shall be deemed thereby to have appointed the Secretary of State as his attorney for service of process in any action or proceeding against the non-resident growing out of any accident or collision in which the non-resident or his agent may be involved while operating a motor vehicle on the highways of this State. . . . The language used, 'any action or proceeding,' is very broad and covers the instant case. If it had been the intention of the Legislature that the

service of process was to be restricted to actions ex delicto, it appears that there would have been some language used to that effect. From the very language used, which is very broad and all inclusive, it would appear that it was the intention of the Legislature to embrace actions of any and every nature growing out of an accident or collision in which the non-resident is involved while making such use of the highways of this State.

"The Louisiana Employers' Liability Act deals with personal injuries received by accidents arising out of and in the course of employment. It is apparent that the cause of action under the Act grows out of an accident. The Act itself frequently refers to and uses the word 'accident.' While it is true that the right of action is based on an implied contract yet if there was no accident there would be no implied contract and no recovery could be had. The implied contract only comes into effect after the accident occurs."

It is to be noted that the language of the Louisiana statute "in any action or proceeding against said non-resident growing out of any accident or collision in which said non-resident may be involved" is very similar to the language of our own statute, which provides for substituted process "in any action or proceeding against him growing out of such use [highway use] or resulting in damage or loss to person or property." We are impressed with the argument in the Louisiana opinion that if it had been the intention of the legislature that service of process was to be restricted to actions *ex delicto* there would have been some language used to that effect. As in the case of the Louisiana statute, there is no qualifying language whatsoever in the language of the Illinois statute restricting the non-resident statute to actions *ex delicto*. In attempting to distinguish the Louisiana case, counsel argues that the Illinois statute uses more limited language by

131

restricting its application to any action or proceeding growing out of "use or operation" of a motor vehicle over the Illinois highways. We are inclined to believe that "use or operation" is broader in scope than "accident or collision," rather than more limited. On the whole the language of the two statutes seems to be practically identical in its intent and purpose and we are unable to agree with the distinction sought to be made by defendants' counsel.

Another case closely in point is *Southeastern Greyhound Lines v. Myers* (1941), 288 Ky. 337, 156 S.W.2d 161. In that case the facts indicated a collision occurred between a bus owned and operated by plaintiff and a truck owned and operated by defendant as a result of the negligence of both drivers. One of plaintiff's passengers was injured. Judgment was rendered against plaintiff in a suit wherein defendant was not a party. Plaintiff paid the judgment and defendant upon demand refused to contribute. Suit was brought and defendant's motion to quash service of summons under the Kentucky non-resident service statute was sustained. This statute provides (sec. 12–1):

"That any non-resident of this Commonwealth, being the operator or owner of any motor vehicle, who shall accept the privilege extended by the laws of this Commonwealth to non-resident operators and owners of operating a motor vehicle or having same operated, within the Commonwealth of Kentucky, shall by such acceptance, and by the operation of such motor vehicle within the Commonwealth of Kentucky, make and constitute the Secretary of State of the Commonwealth of Kentucky his, her or their agent for the service of process in any civil suit or proceeding instituted in the courts of the Commonwealth of Kentucky against such operator or owner of such motor vehicle, arising out of, or by reason of any accident or collision or

damage occurring within the Commonwealth in which such motor vehicle is involved."

Reversing the trial court, the Court of Appeals said (pp. 163–164):

"Appellant contends his cause of action against appellee is one which arose out of or by reason of the negligence of appellee in the operation of his automobile . . . ; while it is the contention of amici curiae that the cause of action, if any there is, arose out of an implied contract . . . . The primary liability of appellee, if he was negligent, was to the injured person, but, by payment of the claim, appellant became subrogated to the injured person's right to recover from appellee to the extent of one-half of any reasonable amount paid by appellant. . . . Section 12—1 does not require the plaintiff in such an action to be someone who is not specifically given the right by statute to maintain a suit for contribution, nor does it prohibit institution of the suit by one who has acquired such right by statute. *That appellant acquired the right to assert the claim by implied contract does not militate against his right to take advantage of the provisions of section 12—1,* nor does it alter the fact that the proceeding is essentially a civil case instituted in one of the courts of the Commonwealth of Kentucky against a non-resident operator and owner of a motor vehicle, arising out of and by reason of an accident occurring within the Commonwealth in which such motor vehicle was involved." (Italics ours.)

This same principle was announced in *McKay v. Citizens Rapid Transit Co.* (1950), 190 Va. 851, 59 S.E.2d 121, which was a suit for contribution by one secondarily liable, who had paid the claim, against the one primarily liable. Defendants were non-residents. The court, in holding that defendant non-residents were properly served under a non-resident statute which provided that the Commissioner of the Division

of Motor Vehicles shall be the true and lawful attorney "of such non-resident upon whom may be served all lawful process against and notice to such non-resident in any action or proceeding against him growing out of any accident or collision in which such non-resident or his agent or employee may be involved while operating a motor vehicle . . . on such highway . . ." said:

"As previously stated, McKay and Jones were served with process under . . . section 2154-70 . . . . They contend that this statute has no application and that the process was void. With this contention we cannot agree. We think the statute by express terms specifically covers a situation of this kind and authorizes such process and service thereof."

■ Defendants attempt to distinguish these two latter cases by pointing out that Kentucky recognizes the doctrine of contribution among joint tort-feasors by statute and Virginia by common law. They urge that defendants' liability to plaintiffs in these cases arose directly from the accident and that it made no practical difference whether the liability was enforced by the injured party or by the joint tort-feasor seeking contribution; in either case the action grew out of the accident. While there are Illinois authorities to the effect that Illinois does not recognize contribution among joint tort-feasors, Illinois does recognize the right of a party, who without fault has been compelled to pay damages on account of the wrongful conduct of another primarily liable, to recover from the other for the expenditures properly made in discharge of such liability. *Gulf, M. & O. R. Co. v. Arthur Dixon Transfer Co.*, 343 Ill. App. 148; *Palmer House Co. v. Otto*, 347 Ill. App. 198, 201.

The causes of action stated by the plaintiff in its complaint clearly appear to be actions or proceedings growing out of the use and operation of a motor vehicle over the highways of the State of Illinois.

The single authority cited by defendants in support of their position is that of *Brauer Machine and Supply Co. v. Parkhill Truck Co.,* 383 Ill. 569. There the defendant delivered equipment to plaintiff's dock by truck. While the truck was being unloaded an employee of the plaintiff was injured through the alleged negligence of the defendant's employee. Plaintiff sought to recover the amount of compensation paid pursuant to the Illinois Workmen's Compensation Act and service was obtained through the Illinois non-resident service statute. An order of the trial court quashing this service was affirmed. The court rejected the argument that the loss grew out of the use of the highway because the unloading was part of the contract of transportation over the highway, stating at page 583:

"Here, the truck had left the highway prior to the time the process of the unloading was begun. Both the truck and the load were entirely off the highway and wholly upon private property at the time the injury occurred. The negligent act which is alleged to have caused the injury was in no way connected with the use of the highway. It, in no sense, arose or grew out of the use of the motor vehicle on the highway."

The case does not appear to be authority in any way for the purpose cited. There the use of the highway, according to the ruling of the court, had ceased and the vehicle was being unloaded upon private property. In the instant case the accident beyond any dispute occurred between two vehicles upon a public highway.

As we stated earlier, we are impressed with the argument that had the Illinois legislature intended to restrict the application of the remedial provisions of the statute it would have incorporated in the statute appropriate language to express such purpose. Illustrative of this principle is the case of *Jones v. Pebler,*

135

371 Ill. 309, where plaintiffs sued Pebler, J. H. Cownie Co., a corporation, and John H. Cownie and J. H. Schiltz, doing business as J. H. Cownie Co. for personal injuries sustained in an automobile collision which occurred near Glen Ellyn, Illinois. Plaintiffs charged that Pebler was the driver and the agent and servant of the other defendants. Service, which was procured under the non-resident service statute, was challenged as to all except Pebler on the ground that the others did not use or operate the automobile in the State of Illinois. The Illinois Supreme Court held that the word "non-resident" was broad enough to include every non-resident, individual or corporate, owner or non-owner, using or operating a motor vehicle over the Illinois highways, and that the language of the Act was sufficiently comprehensive to apply to non-residents where the motor vehicle is being driven in Illinois by its agents, servants or employees. The court said (pp. 313–317):

"The word 'non-resident' appears without definition, does not purport to be limited to non-resident natural persons, and is obviously broad enough to include every non-resident, individual or corporate, owner or non-owner, using and operating a motor vehicle over Illinois highways. . . .

". . . Had the legislature intended to restrict the application of the remedial provisions of section 20a to those non-residents personally operating or using a motor vehicle in Illinois, appropriate language to express its purpose would undoubtedly have been incorporated in the statute. . . ."

In order to give this statute the interpretation contended for by defendants it is necessary to read into what appears to be the clear language of the statute the words "in any action *ex delicto*." As stated in *American Surety Co. v. Jones*, 384 Ill. 222 (p. 231):

"In this regard, it must be kept in mind that the court has no right to read into the statute words that are not found therein, either by express inclusion or fair implication."

In the recent case of *Brandt v. Keller*, 413 Ill. 503, where the court held that a married woman could maintain an action for damages against her husband for personal injuries caused by his willful and wanton misconduct, the court said (pp. 512, 513):

"The Appellate Court herein concluded that the phrase 'in all cases,' when construed with the phrase 'without joining her husband,' designated actions against third persons, rather than actions against her husband. We do not find such a limitation under our analysis of the terms of the statute. The words 'in all cases' must be interpreted according to their natural meaning, without the interpolation of additional exceptions."

██ We conclude, therefore, that under the language of the statute under consideration the Secretary of State may be served with legal process on behalf of a non-resident in any action or proceeding against such non-resident growing out of the use of the highways of this State, and that such service of process is not subject to the qualifications urged. Section 20a of the Motor Vehicle Act does not provide for service of summons upon the Secretary of State in any action or proceeding except contract actions. The words "in any action or proceeding" are unqualified, the only requirement for substituted service being that the action must grow out of the use and operation of a motor vehicle over the Illinois highways. We are of the opinion that the accident under consideration grew out of such use, and that therefore the service of summons upon the defendants herein was proper.

██ In support of the proposition that plaintiff, being a non-resident, is not entitled to the benefits of

137

the Illinois non-resident service statute, defendants cite a single case, that of *Jones v. Pebler*, 371 Ill. 309, cited above upon another point in this opinion. Defendants rely upon the following language (p. 313):

"In like fashion section 20a expresses the manifest legislative intent of conferring jurisdiction of suits against non-resident motorists on the courts of Illinois to the end that compensation for injuries to local residents may be obtained."

Defendants urge that this case sets forth the rule that non-residents are not entitled to the benefits of the statute. We think the interpretation given to the language is altogether too restricted. There can be no doubt that the obvious primary purpose of the statute was to protect local citizens, but this does not necessarily exclude other purposes. Had the legislature intended to restrict the application, it could well have done so by appropriate language. While the question has not been raised in this State before, the question was considered in the recent case of *White v. March* (1951 Maine), 83 A.2d 296, where the plaintiff, a resident of Connecticut, sued defendant, a resident of Newfoundland, for damages resulting from a collision of two automobiles in Maine. The court held that jurisdiction could be obtained over a non-resident defendant in an action by a non-resident plaintiff, stating at page 298:

"By its language this statute does not restrict the right of a non-resident plaintiff to sue in our courts. . . . Why should this court restrict the right of the non-resident plaintiff to sue by inserting in Sec. 59, supra, something which is not there? Why should he not be permitted to bring suit by substituted service under this statute when he is plainly embraced within its terms? . . . That the plaintiff in this case has

138

the right to bring suit in this state is in accord with authorities with which we agree. Beach v. D. W. Perdue Co., Del. Super. Ct. 1932, 5 W.W. Harr. 285, 163 A. 265; Fine v. Wencke, 117 Conn. 683, 169 A. 58; Herzoff v. Hommel, 120 Neb. 475, 233 N.W. 458; Garon v. Poirier, supra; Sobeck v. Koellmer, 1933, 240 App. Div. 736, 265 N.Y.S. 778; Malak v. Upton, 166 Misc. 817, 3 N.Y.S.2d 248; State ex rel. Rush v. Circuit Court, 209 Wis. 246, 244 N.W. 766; See Martin v. Fischbach Trucking Co., 1 Cir., 1950, 183 F.2d 53; 39 Harv. L. Rev. 563; 32 Mich.L.Rev. 347 et seq.; 37 Mich.L.Rev. 58, 74."

In *State ex rel. Rush v. Circuit Court for Dane County,* 209 Wis. 246, 244 N. W. 766, the court said (p. 767):

"Even assuming that the consent upon which the constitutionality of such laws is based is a fiction and that the real basis for sustaining them is the necessity of securing safety on the highways, the extension of the benefits of the act to nonresidents violates no constitutional prohibition. The state has nearly as great an interest in promoting the safety of non-residents using our highways by securing for them convenient redress in case of injury as it has in its own residents. The necessity which justifies such an act with respect to residents is broad enough to justify the inclusion of nonresidents."

Other jurisdictions contributing similar holdings are *Gianetto v. La Delpha,* 278 App. Div. 179, 104 N.Y.S.2d 362; *Karagiannis v. Shaffer,* 96 F. Supp. 211; *Chambers v. Baltimore & Ohio R. Co.,* 207 U. S. 142.

■ We are of the opinion that there being no expression in the statute contrary, and no reason appearing in the policy of this State for excluding non-residents from the statute, plaintiffs are entitled to the benefit of this substituted service.

Accordingly the judgment order of the trial court is reversed and the cause remanded to the superior court of Cook county with directions to overrule the motion to quash service of summons of defendants Wade W. Wiggins and George E. Hensel and to proceed in conformity with the views expressed herein.

*Judgment order reversed and cause remanded with directions.*

SCHWARTZ, P. J. and ROBSON, J., concur.