BURNS *v.* GODWIN.

Division B.  Mar. 26, 1951.

No. 37900  (51 So. (2d) 486)

**J. S.** and **E. W. Finch**, for appellant.

**Ely B. Mitchell,** for appellee.

**Hall, J.**

Shuford Godwin was driving his automobile on a public highway in Colbert County, Alabama, when it collided with an automobile operated by Edward F. Burns. Brainard W. Johnson was a guest in the car with Godwin. All of these parties were and still are residents of Tishomingo County, Mississippi. Godwin brought suit against Burns in the circuit court of Colbert County, Alabama, and obtained service of process against appellant in strict accordance with the Alabama Nonresident Motorist Statute, Title 7, Section 199, Code of Alabama of 1940, which is quite similar to our statute on the same subject,—Section 9363, Mississippi Code of 1942. The method of service and the fact of receipt by appellant of copy of the complaint and summons are admitted by him. Appellant did not contest the suit in Alabama and a judgment was entered against him and in favor of appellee in the amount of $855.00.

Appellee subsequently brought suit against appellant in the circuit court of Tishomingo County, Mississippi, upon a duly authenticated copy of the Alabama judgment. Appellant filed several special pleas challenging the validity of the Alabama judgment upon the ground that the Alabama Court had neither venue nor jurisdiction

over the cause of action or the person of appellant for the reason that the plaintiff and the defendant in the Alabama court were both actual residents and citizens of Tishomingo County, Mississippi, and that the sole purpose of the Alabama statute was only to give to citizens of that state access to its courts for redress for their injuries and damages sustained as a result of the negligence of nonresident motorists using the highways of that state. The case was tried by agreement of the parties by the circuit judge without the aid of a jury and he held contrary to appellant's contentions and entered judgment in this state upon the Alabama judgment. Hence this appeal.

The Alabama statute provides, in part: "The operation by a nonresident of a motor vehicle on a public highway in this state, or the operation on a public highway in this state of a motor vehicle owned by any nonresident and being operated by such nonresident, or his, their or its agent, shall be deemed equivalent to an appointment by such nonresident of the secretary of state of the State of Alabama, or his successor in office, to be such nonresident's true and lawful agent or attorney upon whom may be served the summons and complaint in any action against such nonresident growing out of any accident or collision in which such nonresident may be involved while operating a motor vehicle on such public highway; or in which such motor vehicle may be involved while being operated on such public highway within the State of Alabama; and such operation shall be deemed a signification of such nonresident's agreement and equivalent to an appointment by such nonresident of the secretary of state of the State of Alabama, or his successor in office, to be such nonresident's true and lawful agent or attorney upon whom may be served all lawful process in any action or proceedings against such nonresident growing out of any accident or collision in which such nonresident may be involved while operating a motor vehicle on such public highway, or in which such

motor vehicle may be involved while being operated on such public highway within the State of Alabama, so that any such summons and complaint against such non-resident which is so served shall be of the same legal force and effect as if personally served within the State of Alabama." The statute then makes detailed provision for service of copies of the summons and complaint upon the Secretary of State of Alabama and for the mailing by him of a copy of each to the defendant by registered mail and of filing defendant's return receipt and a certificate of service in the court where the action is pending.

The constitutionality of such statutes has been so universally upheld by the courts of this country that the matter is no longer open to question. See annotations in 35 A. L. R. 951, 57 A. L. R. 1239, and 99 A. L. R. 130.

Appellant's argument narrows down to the contention that it was the intention of the Alabama legislature to provide a remedy for its citizens only and that it was never intended that the statute should open the Alabama courts to a nonresident plaintiff in his suit against a nonresident defendant, and particularly where both of such nonresidents are citizens of the same state. The statute, however, is not limited to affording relief only to citizens of Alabama. It says that the use of the Alabama highways by a nonresident motorist is equivalent to the appointment of the Secretary of State of the State of Alabama as his agent upon whom summons and complaint may be served "in any action against such nonresident growing out of any accident or collision in which such nonresident may be involved while operating a motor vehicle on such public highway". Such a provision has uniformly been held to authorize the filing of suit by a nonresident plaintiff against a nonresident defendant, and the only contrary holding is when the statute specifically limits the filing of suit to a plaintiff who is a resident of the state where the accident occurred. See exhaustive annotations in 96 A. L. R. 596, 125 A. L. R. 463, and 138

A. L. R. 1470. It is readily apparent that the locus of the accident is the place where in most instances the witnesses thereto are available and subject to process and is, consequently, the most convenient forum for the trial of the cause of action arising therefrom. Appellant cites no authority, nor have we been able to find any, where there is any distinction made as to jurisdiction of the suit in cases where plaintiff and the defendant are nonresident citizens of different states and those where they are nonresident citizens of the same state. There are, however, at least four cases where it seemed to make no difference that both plaintiff and defendant were nonresidents and citizens of the same state.

In Alberts v. Alberts, 217 N. C. 443, 8 S. E. 2d 523, both plaintiff and defendant were citizens of Massachusetts, the cause of action accrued in North Carolina, and the court in the latter state was held to have jurisdiction of the case.

In Beach v. D. W. Perdue Co., 5 W. W. Harr., Del., 285, 163 A. 265, both plaintiff and defendant were citizens of Maryland, the cause of action accrued in Delaware, and the court in the latter state was held to have jurisdiction of the case.

In Hoagland v. Dolan, 259 Ky. 1, 81 S. W. (2d) 869, both plaintiff and defendant were citizens of Ohio, the cause of action accrued in Kentucky, and the court in the latter state was held to have jurisdiction of the case.

In State ex rel. Rush v. Circuit Court for Dane County, 209 Wis. 246, 244 N. W. 766, both plaintiff and defendant were citizens of Illinois, the cause of action accrued in Wisconsin, and the court in the latter state was held to have jurisdiction of the case.

In view of the foregoing authorities we are of the opinion that the Alabama court had jurisdiction of both the person of appellant and the subject matter of the suit and that its judgment is entitled to full faith and credit in this state, and the judgment of the lower court is accordingly affirmed.

Affirmed.