Ask Mr. Foster Travel Service, Inc., Plaintiff, v. Tauck Tours, Inc., Defendant.

Supreme Court, Trial Term, New York County, June 10, 1943.

*Albert Elsen* for plaintiff.

*Milton S. Tebe* and *Francis V. Goggins* for defendant.

Church, J. The action is for unpaid installments for services as agent of the defendant in displaying and distributing printed matter (which the defendant agreed to furnish for the purpose) in the offices of the plaintiff in specified areas, for the two-year period ending March 1, 1943.

The contract of the defendant expressly provided: " We (Tauck Tours, Inc.) request and you (the plaintiff) are hereby authorized to represent Tauck Tours, Inc., displaying and distributing our (Tauck Tours, Inc.) printed matter * * * ."

The business of the defendant was the conducting of sight-seeing tours, the defendant using exclusively chartered gasoline-fueled, mechanically propelled, rubber-tired buses for the transportation of groups of persons for sightseeing, the price of the tour being in each instance all inclusive of hotel accommodations, food, sightseeing trips and railroad fare to and from the points of origin of the bus tour.

In the second year of the contract there were preliminary regulatory executive orders issued by the Office of Price Administration and the Office of Defense Transportation. On August 20, 1942, effective September 10, 1942, the Director of Defense Transportation promulgated the following order: " General Order No. 10: Conservation of Motor Equipment — Regulation of charter and sightseeing services by motor vehicles. § 501.40 *Sightseeing service prohibited.* No person shall engage in sightseeing service by bus, or shall operate, or cause or permit to be operated, any rubber-tired vehicle propelled or drawn by mechanical power, for hire or under hire, for the primary purpose of permitting any passenger or passengers to see places or objects of general or special interest, whether or not the services of a driver or operator are provided with such vehicle." (7 Federal Register, p. 6617.)

Where performance of the agency contract was still theoretically possible after September 10, 1942, although the expected value of the performance was destroyed, the contract did not become void *ab initio,* but the parties were excused from further performance. The contract was enforcible with respect to rights accrued up to the time that fulfillment of the object of the contract became legally impossible. After September 10, 1942, there was a total failure of consideration for the contract. " By act of government there was complete frustration of performance excusing the seller [in the instant case, the principal, the defendant] from performance as matter of law." (*Matter of Kramer & Uchitelle, Inc.,* 288 N. Y. 467, 472.)

Judgment is directed for the plaintiff against the defendant for the *pro rata* sum due for the unpaid installments to September, 1942, i.e., seven months at $83.33 per month amounting to $583.31, less a credit of $166.67, with interest on the unpaid installments from the respective due dates thereof, or a total of $416.64, with interest.