Michael Catalano, J.
This is a special appearance by the defendants for an order vacating the service of the summons and complaint herein.
The service of the summons was made pursuant to section 52 of the Vehicle and Traffic Law; the complaint is based upon a claim by the plaintiff according to subdivision 3 of section 25-a and section 29 of the Workmen’s Compensation Law.
On February 17, 1956, one George E. Dinsbier was killed in a motor vehicle accident in this State. Thereafter, his administrator sued and recovered a judgment against the defendants in the United States District 'Court, Western District of New York, which judgment was paid. As the workmen’s compensation carrier for decedent’s employer, the plaintiff paid to the Chairman of the Workmen’s Compensation Board Fund for Reopened Cases the sum of $1,728.13, of which plaintiff seeks repayment under section 29 of the Workmen’s Compensation Law.
Defendants contend “ * * * that the within cause of action is not one arising out of an accident or collision involving a motor vehicle within the purview of Section 52 of the Vehicle and Traffic Law.”
Section 52 of the Vehicle and Traffic Law, entitled “ Service of summons on nonresidents,” provides, in part: “ 1. The use or operation by a nonresident of a vehicle in this state, or the use or operation in this state of a vehicle in the business of a nonresident, or the use or operation in this state of a vehicle owned by a» nonresident if so used or operated with his permission, express or implied, shall be deemed equivalent to an appointment by such nonresident of the secretary of state to be his true and lawful attorney upon whom may be served the summons in any action against him, growing out of any accident or collision in which such nonresident may be involved while being used or operated in this state * * * ”,
*1007 Section 29 of the Workmen’s Compensation Law, entitled “Remedies of employees; subrogation,” provides, in part: “5. In case of the payment of an award to the commissioner of taxation and finance in accordance with i:= * * section twenty-five-a such payment shall operate to give to the employer or insurance carrier liable for the award a cause of action for the amount of such payment * * * which shall be in addition to any cause of action by the legal representatives of the deceased.”
Section 25-a, entitled ‘1 Procedure and payment of compensation in certain claims; limitation of right to compensation,” provides, in part: “3. * * * The employer, or, if insured, his insurance carrier shall pay into such fund for every case of injury causing death for which there are no persons entitled to compensation * * * in each case of death resulting from injury sustained on or after July first, nineteen hundred forty, where there are persons entitled to compensation but the total amount of such compensation is less than two thousand dollars exclusive of funeral benefits, the employer, or, if insured, his insurance carrier, shall pay into such fund the difference between the sum of two thousand dollars and the compensation, exclusive of funeral benefits, actually paid to or for the dependents of the deceased employee * * * ”.
A statute should be read in the light of its objectives (Matter of Guardian Life Ins. Co. v. Chapman, 302 N. Y. 226, 235) and its historical background. (Matter of Coates, 8 A D 2d 444, 447 [4th Dept.]. See: 1958 Report of N. Y. Law Rev. Comm., pp. 629-657.)
Section 52 of the Vehicle and Traffic Law is “ * * * limited to a delictual action arising out of defendant’s entry upon the State’s highways and operating his motor vehicle thereon, * * * ” (Leighton v. Roper, 300 N. Y. 434, 442). Its purpose was “* * * to provide a method whereby those who negligently use the highways of this State can be brought into its courts to answer for the alleged results of such use.” (Hand v. Frazer, 139 Misc. 446, 447, affd. on opinion below 233 App. Div. 800 [4th Dept.]. See, also, Secured Casualty Ins. Co. v. Sinelnikoff, 1 AD 2d 1036.) This section 52 clearly was intended to apply to tort actions only (32 N. Y. U. L. Rev., 1328, n. No. 3), not to contract. (Ask Mr. Foster Trapel Serv. v. Tauch Tours, 181 Misc. 91.)
Unless the Legislature specifically so states to the contrary, where there is a right there is a remedy. (See Gianetto v. La Delpha, 278 App. Div. 179, 181 [4th Dept.].) Accordingly, being in pari materia, section 52 of the Vehicle and Traffic Law *1008 and sections 25-a and 29 of the Workmen’s Compensation Law should be read together. (See Cooper v. Amehler, 178 Misc. 844.) Thus, the plaintiff, as subrogee of the dead employee through the latter’s employer, may pursue his damages proxi"mately resulting from the tort of the defendants. It would be unwarranted discrimination to give the plaintiff insurance carrier a right by subrogation, then deny him the remedy which the deceased employee could enjoy had he survived. The plaintiff’s cause of action is based upon the defendants’ negligent use of our highways, it is a direct result of such use, it is sui generis a tort action not based upon a contract.
The service of the summons is proper.
Motion denied, without costs. Prepare and submit order accordingly.