CARROLL, DONALD K., Judge.
The plaintiff in an action for hospital services rendered has taken this interlocutory appeal from an order entered by the Circuit Court for Marion County quashing the service of process upon the defendant.
The sole question presented for our determination in this appeal is whether, when a nonresident of this state, who is involved in a motor vehicle collision on a Florida highway and receives hospital care as a result of the injuries incurred in that collision, he can he subjected to service of process and the jurisdiction of Florida courts under the provisions of the Florida Non-Resident Motor Operator’s Service Statute.
The statute just referred to (Section 48.171, Florida Statutes, F.S.A.) provides as follows:
“Service on nonresident motor vehicle owners, etc. — Any nonresident of this state, being the operator or owner of any motor vehicle, who accepts the privilege extended by the laws of this state to nonresident operators and owners, of operating a motor vehicle or of having it operated, or of permitting any motor vehicle owned, or leased, or controlled by him to be operated with his knowledge, permission, acquiescence or consent, within the state, or any resident of this state, being the licensed operator or owner of or the lessee, or otherwise entitled to control any motor vehicle under the laws of this state, who becomes a nonresident or conceals his whereabouts, by the acceptance or licensure and by the operation of the motor vehicle, either in person, or by or through his servants, agents, or employees, or by persons with his knowledge, acquiescence and consent within the state constitutes the secretary of state his agent for the service of process in any civil action begun in the courts of the state against such operator or owner, lessee or other person entitled to control of the motor vehicle, arising out of or by reason of any accident or collision occurring within the state in which the motor vehicle is involved.”
Briefly stated the record shows the following :
In 1963 the defendant was seriously injured in an automobile collision occurring in Marion County. At that time he was, and is now, a resident of New York State. He was passing through Florida when his automobile was struck in his lane by a car driven by a drunken driver, who was killed in the collision. The defendant was taken to the Munroe Memorial Hospital, which was then, and is now, operated by the plaintiff, which filed the instant action against the defendant for the sum of $3,809.04 due and owing by the defendant for hospital services rendered to him.
Substituted service was had upon the defendant pursuant to the provisions of the above-quoted statute. The defendant, through his attorney, filed a motion to dismiss on the grounds that the court lacked jurisdiction over his person and that there was insufficiency of process and of service of process.
In the order appealed from herein, the Circuit Court treated the said motion as a motion to quash the service of process and held that the action was not one “arising out of and by reason of” any accident or collision, within the quoted statute. The court held that the service of process was insufficient and that the court lacked jurisdiction of the defendant, and then quashed the service of process.
The precise question before us makes this a case of first impression in Florida. Opr juridical task is made more difficult by the fact that there is a split of authority on this question among the other jurisdictions of this country.
The weight of authority in this country, and what we conceive to be the better *444 view, is that ex contracta actions, as well as ex delicto actions, are covered by substituted service statutes like Section 48.171, Florida Statutes.
A leading case recognizing this majority view is the decision of the Louisiana Supreme Court in Maddry v. Moore Bros. Lumber Co., 195 La. 979, 197 So. 651 (1940), in which an award of workmen’s compensation was sought because of injuries sustained in a motor vehicle collision. The defendant argued that the Louisiana substituted service statute (analogous to ours) applied only to ex delicto actions and not to contract actions. In answer to this argument the Louisiana Supreme Court held:
“From a reading of the above quoted Section of the Act it is apparent that a non-resident, or his agent, who operates a motor vehicle on the highways of this State, shall be deemed thereby to have appointed the Secretary of State as his attorney for service of process in any action or proceeding against the nonresident growing out of any accident or collision in which the non-resident or his agent may be involved while operating a motor vehicle on the highways of this State. The title of the Act states ‘civil process against non-residents,’ and the body of the Act specifically provides that such process may be served upon the Secretary of State as the agent of the non-resident in any action or proceeding growing out of any accident or collision. The language used, ‘any action or proceeding,’ is very broad and covers the instant case. If it had been the intention of the Legislature that the service of process was to be restricted to actions ex delicto it appears that there would have been some language used to that effect. From the very language used, which is very broad and all inclusive, it would appear that it was the intention of the Legislature to embrace actions of any and every nature growing out of an accident or collision in which the nonresident is involved while making such use of the highways of this State.
‡ ‡ í}í ‡ ifc
“The language of the Act involved is clear and unambiguous and the letter of it is not to be disregarded under the pretext of pursuing its spirit.
“The Act uses the broad, clear unambiguous, and all inclusive language, ‘Any action or proceeding * * * growing out of any accident or collision.’ It is to be noted that the service of the process is authorized in any action or proceeding growing out of any accident or collision. By use of the word ‘any’ before ‘action’ and against before ‘accident,’ it appears that the Act was intended to be comprehensive and applied to all actions or proceedings growing out of any accident or collision in which the non-resident is involved while making such use of the highways. It might be urged that an Act of this nature should be strictly construed. Under such method of construction undoubtedly the language used makes the Act applicable to this case.”
The foregoing Louisiana decision was cited with approval by the Appellate Court of Illinois in Dart Transit Co. v. Wiggins, 1 Ill.App.2d 126, 117 N.E.2d 314 (1953), in which two Florida residents were the defendants in an action involving the right to contribution by implied contract. Illinois has a substituted service statute analogous to ours. In its decision the Illinois court held:
“It is to be noted that the language of the Louisiana statute ‘in any action, or proceeding against said non-resident growing out of any accident or collision in which said non-resident may be involved’ is very similar to the language of our own statute, which provides for substituted process ‘in any action or proceeding against him, growing out of such use [highway use] or resulting in damage or loss to perón or property.’ We are impressed with the argument in the *445 Louisiana opinion that if it had been the intention of the legislature that service of process was to be restricted to actions ex delicto there would have been some language used to that effect. As in the case of the Louisiana statute, there is no qualifying language whatsoever in the language of the Illinois statute restricting the non-resident statute to actions ex delicto. In attempting to distinguish the Louisiana case, counsel argues that the Illinois statute uses more limited language by restricting its appli- ' cation to any action or proceeding growing out of 'use or operation' of a motor vehicle over the Illinois highways. We are inclined to believe that ‘use or operation’ is broader in scope than ‘accident or collision,’ rather than more limited. On the whole the language of the two statutes seems to be practically identical in its intent and purpose and we are unable to agree with the distinction sought to be made by defendants’ counsel.
* * JfC * *
“In order to give this statute the interpretation contended for by defendants it is necessary to read into what appears to be the clear language of the statute the words ‘in any action ex delicto.’
* * * * %
“The words ‘in any action or proceeding’ are unqualified, the only requirement for substituted service being that the action must grow out of the use and operation of a motor vehicle over the Illinois highways.”
In Burnett v. Agent, 227 Ark. 1050, 303 S.W.2d 575 (1957), in which one of the defendants in an automobile negligence action paid the judgment and filed an action for contribution against the co-defendant, the Supreme Court of Arkansas said in reference to a substituted service statute analogous to ours:
“The statute provides that a nonresident who drives a motor vehicle on the highways of this state is deemed to have appointed the Secretary of State as his agent for service ‘in any action or proceedings against him * * * growing out of any accident or collision’ in which the nonresident may be involved while operating a motor vehicle on our highways. Ark.Stats. § 27-342.1. The other statutory conditions being present, the only question is whether this action grows out of the accident.
“We have no doubt that it does, and the point has invariably been so decided elsewhere. Dart Transit Co. v. Wiggins, 1 Ill.App.2d 126, 117 N.E.2d 314; Southeastern Greyhound Lines v. Myers, 288 Ky. 337, 156 S.W.2d 161, 138 A.L.R. 1461; McKay v. Citizens Rapid Transit Co., 190 Va. 851, 59 S.E.2d 121, 20 A.L.R. 2d 918.”
The Florida case that comes closest to resolving the precise problem before us is Aetna Casualty & Surety Co. v. Miller, 172 So.2d 11 (Fla.App.1965). This was a civil proceeding to vacate, modify, or correct an arbitration award under an uninsured motorist provision of an insurance contract. With reference to the application of our substituted service statute (then known as Sec. 47.29), the District Court of Appeal, Second District of Florida, said:
“The deceased was killed in a motor vehicle accident in Florida with an uninsured motorist. The executors of the deceased’s estate made a demand against the appellant, the deceased’s insurer, for damages under the uninsured motorist provision of the insurance policy. Being unable to negotiate a settlement, the parties submitted the issue to arbitration pursuant to the terms of the policy, The appellant insurer then filed suit in the circuit court to vacate, modify or correct the arbitration award, and attempted to obtain service of process on the nonresident appellees under Fla.Stat., Secs. 47.29 and 47.30, F.S.A., the nonresident motorist statutes.
“Fla.Stat., Sec. 47.29, F.S.A., provides generally that a nonresident who oper *446 ates a motor vehicle in Florida designates the secretary of state as his agent for service of process ‘in any civil suit or proceeding instituted in the courts of the state against such operator or owner, lessee or other person entitled to control of such motor vehicle, arising out of or by reason of any accident or collision occurring within the state in which such motor vehicle is involved.’
“Since the present dispute is between an insured and his own insurer, it is certainly an unusual case for utilizing the provisions of Fla.Stat., Sec. 47.29, F.S.A. However, the language of the statute, particularly that which is emphasized above, clearly encompasses this situation. The procedure to vacate, modify or correct the arbitration award is a civil proceeding. See Lee v. Lang, 1939, 140 Fla. 782, 192 So. 490, for definitions of the word ‘civil.’ Furthermore, this dispute arose out of an accident or collision occurring within the state. The statute also provides that where the nonresident has died, service of process shall be made in this manner upon his personal representative.
“Although this is not the typical situation in which jurisdiction is obtained under Fla.Stat., Sec. 47.29, F.S.A., the provisions of this statute clearly include the present case. The lower court erred in quashing the service of process and dismissing for lack of jurisdiction.”
On the other hand, there is respectable authority for the opposite view. For instance, the New York Supreme Court, Erie County, in Merchants Mutual Ins. Co. v. Jackson Trucking Co., 21 Misc.2d 1005, 193 N.Y.S.2d 135 (1959), held that a New York substituted service statute, analogous to our statute, is limited to ex delicto actions arising out of the entry of a nonresident driver on the state’s highways and the operation of his motor vehicle thereon. The court based its ruling mainly upon its study of the objectives and the historical background of the New York statute and concluded, citing New York decisions, that the statute applies to tort actions only, not to contract.”
If we were privileged to speculate (and we are not) as to the real intent of the members of the Florida Legislature in enacting Sec. 48.171, quoted above, we might well reach‘'the conclusion, as did the New York court in the Merchants Mutual Ins. Co. case, supra, that the law was primarily designed to aid Florida citizens in their tort actions filed in Florida courts arising out of automobile collisions on the highways of our state. Not being so privileged to speculate, however, we are required to look for the intent as expressed in the statutory provision being construed.
A cardinal rule of statutory construction, as held by the Supreme Court of Florida in Maryland Casualty Co. v. Sutherland, 125 Fla. 282, 169 So. 679 (1936), is as follows:
“The intention and meaning of the Legislature must be primarily determined from the language of the statute itself, and not from conjecture aliunde. When the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction. The statute must be given its plain and obvious meaning. Douglass, Inc., v. McRainey, 102 Fla. 1141, 137 So. 157, 159. See, also, State [ex rel. Finlayson] v. Amos, 76 Fla. 26, 79 So. 433.”
Reverting, then, to the exact language of the statute (Sec. 48.171, quoted early in this opinion) used by the Florida Legislature to express its intent in enacting this law, we find that this legislative body elected to employ extremely broad language in the phrase “any civil action.”
*447 The word “any,” of course, commonly means “every” or “unlimited.” “Civil actions” are basically divided into two classes: tort actions and contract actions; and hence the expression “any civil action” would ordinarily include actions ex con-tractu, as well as actions ex delicto, unless other language in the statute clearly indicates a contrary intent.
In addition, we find no difficulty in holding that a contract action for. hospital services rendered to a nonresident to care for his personal injuries received as a result of a motor vehicle collision on a Florida highway, falls within the language of the statute: “ * * * arising out of or by reason of any accident or collision occurring within the state in which the motor vehicle is involved.” This conclusion is supported by the decision in the Burnett case, supra, and the authorities cited therein.
Our construction of Sec. 48.171, as set forth above, is not in any sense provincial as aiding Florida citizens against the interests of nonresident motorists. For instance, this construction will redound to the advantage of nonresidents injured in highway accidents in Florida in obtaining emergency treatment of their injuries in hospitals, which can afford to extend them credit, knowing that, if the nonresident motorist drives on out of this state, and then defaults, the hospitals will not be forced to seek him in his home state and file the action in that state. Also, our conclusion is in accord with the general weight of authority prevailing in this country.
For the foregoing reasons, the order appealed from herein must be, and it is, reversed, and this cause is remanded with instructions for further proceedings consistent with the views hereinabove expressed.
Reversed and remanded.
JOHNSON, C. J., and RAWLS, J., concur.