JOHNSON, Judge.
This interlocutory appeal is from an order denying appellants’ motions to dismiss the amended third party complaint and to quash service of process.
The 'appellants are Theodore H. Collins and Ronald W. Tydings, individually and as co-administrators of the estate of Edward L. Jones, and their fiduciary bondholder, Maryland Casualty Company. The only issue with which we are now confronted is whether or not said appellants, who are not residents of Florida, are subject to service of process under § 48.161(2) of the Florida Statutes, F.S.A. This question can be disposed of by determining whether or not the deceased, Edward L. Jones, would have been subject to service of process as either a user of the public highways of Florida, so as to come within the purview of § 48.171, Fla.Stats., F.S.A. or as engaging in business in the State of Florida within the meaning of § 48.181, Fla.Stats., F.S.A.
The incident giving rise to this suit occurred on December 25, 1967, when Edward L. Jones, a resident of Virginia, was critically injured in Daytona Beach when he, as a pedestrian, was struck by an automobile driven by an uninsured resident of Florida. Jones was taken to the Halifax Hospital where he remained until his death almost 9 months later. Jones had a policy with the Hartford Accident & Indemnity Company which contained an uninsured motorist provision, and a personal injury claim against Hartford was settled in Jones’ behalf of $15,000.00. During his hospital stay, Jones was declared incompetent in a Virginia proceeding and a guardian was appointed for his estate. Said guardian retained the insurance proceeds until after Jones’ death, when the $15,000.-00 proceeds from Hartford were turned over to appellants as co-administrators of Jones’ estate.
Jones’ hospital expenses for the 9 months amounted to more than $18,000.00. The Halifax Hospital District brought suit against Hartford alleging that Hartford wrongfully distributed the insurance proceeds and impaired Halifax’s statutory lien. Hartford then filed a third party complaint against appellants herein. Said appellants moved to dismiss the complaint and to quash service of process upon the ground of lack of jurisdiction over the persons of Collins and Tydings. Said motions were denied upon the grounds that
“ . . . the deceased, Edward L. Jones, as a user of the public highways of this State was subject to service of process within the intent of Florida Statutes 48.171, that he was subject to service of process under Florida Statute 48.-181, by contracting for hospital services in the State, and that the Administrators of the Estate of Edward L. Jones are thereby subject to service of process under Florida Statute 48.161(2).”
We are cognizant of the fact that there have been no reported Florida cases holding that a non-resident pedestrian is subject to service of process under § 48.171 or that a non-resident hospital patient is subject to service of process when the accident did not involve an automobile under his control. Nevertheless, we are inclined to agree with the trial court’s order under the factual situation of the present case.
First, it must be remembered that the proceeds from the Hartford insurance policy claim, the same being the subject of this suit, were a result of a policy which covered an automobile accident with an uninsured operator. This was a contractual obligation on the part of Hartford. Even though the deceased was a pedestrian, we think the “long-arm” statute, § 48.171, is applicable to the deceased; and thus the *844 co-administrators of his estate are amenable to service of process under § 48.161(2). This court has held in Marion County Hospital District v. Namer, 225 So.2d 442 (Fla.App. 1st, 1969) that actions “ex con-tractu”, as well as actions “ex delicto”, arising from an automobile accident come within the purview of Fla.Stats. § 48.171.
Secondly, it is our opinion that Jones’ actions fall within the purview of § 48.181 which concerns engaging in business within the State of Florida. Jones had contracted with the hospital for services, thereby implying that such services were to be paid for. As pointed out by our sister Court in McCarthy v. Little River Bank and Trust Co., 224 So.2d 338 (Fla.App. 3rd, 1969), we do not believe that the term “business venture” includes or applies exclusively to commercial transactions for profit. It is our conclusion that Jones’ actions with regard to the hospital constituted a form of business within this State, where services were substituted for pecuniary benefits. Certainly, contracting services for one’s physical well-being should not be put on a lower plane than contracting services for one’s pecuniary benefit.
Our construction of the above statutes does not unduly aid citizens of the State of Florida against the interests of non-residents. On the contrary, and as pointed out in Marion County Hospital District v. Namer, supra, 225 So.2d at 447:
“ . . . this construction will redound to the advantage of nonresidents injured in highway accidents in Florida in obtaining emergency treatment of their injuries in hospitals, which can afford to extend them credit, knowing that, if the nonresident motorist drives on out of this state, and then defaults, the hospitals will not be forced to seek him in his home state and file the action in that state.”
For the reasons hereinabove stated, the order appealed herein is affirmed.
SPECTOR, C. J., and WIGGINTON, J., concur.