John W. ANDERSON and Lorraine I. Anderson, Appellants (Plaintiffs),

v.

Stewart R. PERRY, Appellee (Defendant).

No. 83-46.

Supreme Court of Wyoming.

Aug. 16, 1983.

Peter F. Moyer of Hartnett & Moyer, Jackson, for appellants.

Stewart R. Perry, pro se, submitted on brief.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

CARDINE, Justice.

In a subrogation action, plaintiffs sued to recover money which they claim was owed by defendant. Defendant, appellee, was a resident of the State of Minnesota. Appellee moved to dismiss, claiming lack of jurisdiction over his person. The court entered its order dismissing the case.

We reverse.

The only issue on appeal is whether there was jurisdiction over the person of appellee.

On November 30, 1982, appellants initiated a civil action against appellee. The basic facts underlying this claim are not in dispute. In July 1979, appellants sold a condominium in Teton Village, Wyoming to the appellee and two other persons jointly and severally, as purchasers, under a contract for deed. Appellee defaulted on payments and the contract for deed was terminated by the appellants on June 1, 1982. A lien for unpaid homeowner assessments had been filed against the property due to defaults by the appellee occurring over a period of several years. Appellants paid the sum of $3,975.79 to the local homeowners association to remove this lien. Appellants now seek to recover this sum from the appellee.

The defendant was in Wyoming looking at property before he bought the condominium. He bought the property as a rental investment. The contract for deed was signed in the State of Minnesota, and both parties are residents of that state. During the period of time he owned the property, he had dealings with a real estate company responsible for renting the condominium. He was under the protection of Wyoming law in connection with his ownership and rental of the condominium and his dealings with the homeowners association. The witnesses and the records concerning it are located in Wyoming. The original debt was owed to the homeowners association in Wyoming.

On February 4, 1983, the district court granted appellee's motion to dismiss. The court predicated its action upon a finding that it lacked in personam jurisdiction over appellee. Although other issues were raised by the parties, the only question we need to decide is the issue of in personam jurisdiction.[1]

■ We set forth the applicable standard for deciding when in personam jurisdiction exists in *Markby v. St. Anthony Hospital Systems,* Wyo., 647 P.2d 1068 (1982). Since we thoroughly discussed the development of the United States Supreme Court cases and the background of our own law, it is only necessary now to discuss the requirements which we have established. Along with the considerations listed in *Ford Motor Company v. Arguello,* Wyo., 382 P.2d 886 (1963), we determined that the present outer limits of personal jurisdiction, based on a single act, would be determined by three factors:

1. " * * * [T]he defendant must purposefully avail himself of the privilege of acting in the forum state or of causing important consequences in that state. * * * "

2. " * * * [T]he cause of action must arise from the consequences in the forum state of the defendant's activities. * * * "

3. " * * * [T]he activities of the defendant or the consequences of those activities must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." Markby, supra at 1073.

## I

*Did appellee purposely avail himself of the privilege of acting in the forum state or cause important consequences in that state?*

■ A party purposely avails himself of the privilege of acting in a state for purposes of due process, if his suit is based upon a contact which had a substantial connection with the state or if he engages in extensive activity within the state. *Del Monte v. Everett Steamship Corp.,* 402 F.Supp. 237 (U.S.D.C.N.D.Cal.1973).

In *Waterval v. District Court In and For El Paso County, Colo.,* 620 P.2d 5 (1980), cert. denied 452 U.S. 960, 101 S.Ct. 3108, 69 L.Ed.2d 971 (1981), the court, using the same test, stated that although the defendant had never been in Colorado, he had purposefully availed himself of the privilege of acting within the state. His contacts consisted of telephone calls over a two-year period in which he gave investment advice.

1. Section 5–1–107(a), W.S.1977, provides:
 "(a) A Wyoming court may exercise jurisdiction on any basis not inconsistent with the Wyoming or United States constitution."

This court noted that these contacts adequately demonstrated a purposeful election to cause important consequences in the forum state. The court stated that his was not a single or isolated act which occurred accidentally in the state, nor was his contact with the state thrust upon him. Therefore, the exercise of in personam jurisdiction was reasonable.

 *Proctor & Schwartz, Inc. v. Cleveland Lumber Co.,* 228 Pa.Super. 12, 323 A.2d 11 (1974), involved a suit on a contract where the defendant corporation had no offices, property, agents, representatives or employees in the forum state and the contract had been signed in a different state. There were no business contacts with Pennsylvania other than this one transaction which gave rise to the suit. The court found that it was reasonable under the other circumstances involved that the defendant should have foreseen that the transaction would have consequences in the forum state. In *Cook Associates, Inc. v. Colonial Broach & Machine Co.,* 14 Ill.App.3d 965, 304 N.E.2d 27 (1973), a single phone call was sufficient to uphold personal jurisdiction. The court noted that they were "dealing with a contractual situation and, therefore, *with obligations voluntarily undertaken.*" (Emphasis added.) Id. at 32. The balancing of factors necessary to find personal jurisdiction must consider the kind of activities involving the defendant as well as the degree. Contractual agreements generally establish a clear, voluntary assent.

 In this case, appellee entered into an agreement under which he purchased real estate in Wyoming. He employed an agent in Wyoming to rent the property and collect rents. He incurred obligations to the homeowners association in Wyoming. Thus, he is within the first requirement of purposely availing himself of the privilege of acting in the forum state.

## II

*Did the cause of action arise from consequences of appellee's activities in the forum state?*

Markby, supra, involved a personal injury suit against a hospital in another state which advertised a flying ambulance service in Wyoming. However, the suit did not arise in connection with this service. We held that the second requirement was a dispositive factor and that personal jurisdiction could not be maintained where the contacts were minimal and the cause of action did not have a connection with the transaction.

 In the present case the cause of action does arise from the contacts which the appellee had with this state. He employed a Wyoming real estate company to rent his real property in Wyoming. The rental was to generate income to pay homeowner's fees and expenses. It was a business, and the debt allegedly due the homeowners association (cause of action) arose from that business and his contacts in Wyoming.

## III

*Did activities of appellee have a substantial enough connection with the forum state to make the exercise of jurisdiction reasonable?*

 The third factor which must be considered is whether the activities or consequences had a substantial connection with the forum state. In *Dwyer v. District Court, Sixth Judicial District,* 188 Colo. 41, 532 P.2d 725 (1975), which concerned a contract involving real property, the court stated that of utmost importance was the fact that "the subject matter of the contract, the real estate, was located in Colorado thereby making Colorado the state with the greatest interest in the transaction." Id. at 727. In the present situation the contract concerns real property located in Wyoming and the covenants are recorded in Wyoming. We hold that this satisfies the "substantial connection" requirement of the test.

 The fact that the plaintiff is a nonresident is not a decisive factor. We have acknowledged the importance of furnishing a forum for nonresidents in other contexts, *Lohman v. Jefferson Std. Life Insurance*

*Co.,* Wyo., 525 P.2d 1 (1974), even though in that situation personal jurisdiction was not upheld because the cause of action did not arise from the transaction. *Dart Transit Co. v. Wiggins,* 1 Ill.App.2d 126, 117 N.E.2d 314 (1953), held that suits involving the use or operation of motor vehicles would be allowed by nonresidents because the state has as much interest in protecting their safety on the highway as it does its own citizens. Wyoming has an interest in protecting the interests of nonresidents in real property located within the state.

We realize that the factors to be weighed must, of necessity, be somewhat subjective. However, under the circumstances of this case, we find that it is reasonable and fair to require defendant to submit to the jurisdiction of a Wyoming court.

Reversed and remanded for further proceedings.