Collins E. SCOTT, Plaintiff,

v.

ABC EXTRUSION COMPANY, A Limited Colorado Partnership, Thomas G. Haynie, III, an individual, Fredrick J. Foss, an individual, Gordon L. Brooks, an individual, Jackson R. Brooks, an individual, Joann L. Blanko, a/k/a Joanne Brooks, an individual, Jacqueline L. Brooks, an individual, J.L. Colwell, an individual, Defendants.

No. C88–0168J.

United States District Court,
D. Wyoming.

Aug. 19, 1988.

William D. Bagley and John M. Walker, Bagley, Hickey, Evans & Statkus, Cheyenne, Wyo., for plaintiff.

James E. Fitzgerald, Cheyenne, Wyo., T. Thomas Metier, Fischer, Grown, Huddleston & Gunn, Fort Collins, Colo., for defendants.

MEMORANDUM OPINION AND
ORDER GRANTING MOTION
TO DISMISS

JOHNSON, District Judge.

THE ABOVE CAPTIONED MATTER came before this court on August 11, 1988,

for hearing on defendants' July 22, 1988, Motion to Quash Service of Process and to Dismiss Complaint for Lack of Personal Jurisdiction or in the Alternative Motion for Change of Venue. For reasons discussed below, the court will dismiss this action for lack of in personam jurisdiction.

In this diversity action, plaintiff seeks redress for losses allegedly sustained from the defendants' having breached a partnership agreement with plaintiff. Additionally, he asserts claims for relief for breach of fiduciary duty and tortious interference with a contractual and a business relationship. He also seeks an accounting.

On September 26, 1972, plaintiff, who is a Wyoming resident, became a limited partner of ABC Extrusion Company, a Colorado limited partnership. He alleges that on July 16, 1985, defendants, without plaintiff's knowledge or consent, unlawfully filed with the Colorado Secretary of State a revision of the certificate of limited partnership of ABC Extrusion Company, which allegedly removed plaintiff as a limited partner from ABC Extrusion Company. The individual defendants are, and have been at all relevant times, residents of the state of Colorado. The Colorado limited partnership conducts no business in Wyoming and its only contact with Wyoming is through certain advertisements that it places in a national trade magazine. Based on these facts, defendants have moved to dismiss for lack of personal jurisdiction.

In a diversity action, the law of the forum state determines whether a federal court has in personam jurisdiction over a nonresident defendant. *Rambo v. American Southern Insurance Company*, 839 F.2d 1415, 1416 (10th Cir.1988). Whenever a statute permits the exercise of long-arm jurisdiction, the court must determine "whether such exercise of jurisdiction is consistent with the constitutional requirements of due process." *Yarbrough v. Elmer Bunker & Associates*, 669 F.2d 614, 616 (10th Cir.1982). Wyoming's long arm statute permits the exercise of personal jurisdiction on any basis consistent with the Wyoming or the United States Constitution. Wyo.Stat. § 5–1–107(a) (1977). Thus the court's inquiry in this case is whether exercise of personal jurisdiction over the nonresident defendants is consistent with the constitutional requirements of due process.

■■■ Personal jurisdiction is this court's power to compel a person to submit to its process. *Bearry v. Beech Aircraft Corporation*, 818 F.2d 370, 373 (5th Cir. 1987). This jurisdiction can be specific or general. *Rambo*, 839 F.2d at 1418. The court exercises specific jurisdiction over a defendant in a lawsuit whenever the lawsuit relates to or arises from the defendant's contacts with the forum. In contrast, a court exercises general jurisdiction over a defendant whenever the lawsuit is unrelated to the defendant's contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 and nn. 8 & 9, 104 S.Ct. 1868, 1872, and nn. 8 & 9, 80 L.Ed.2d 404; *see also Rambo*, 839 F.2d at 1418.

In a diversity action, this court's exercise of in personam jurisdiction over a nonresident defendant is limited by the due process clause of the fourteenth amendment in that there must exist sufficient minimum contacts between the defendant and the forum state. *World–Wide Volkswagen Corporation v. Woodson*, 444 U.S. 286, 291, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980). When these contacts exist, the court must next determine whether assertion of personal jurisdiction comports with traditional notions of " 'fair play and substantial justice.' " *Burger King Corporation v. Rudzewicz*, 471 U.S. 462, 478, 105 S.Ct. 2174, 2185, 85 L.Ed.2d 528 (1985) (quoting *International Shoe Co. v. State of Washington*, 326 U.S. 310, 320, 66 S.Ct. 154, 160, 90 L.Ed. 95 (1945)). In deciding this issue, the court must consider the burden on the defendant, the plaintiff's interest in obtaining convenient and effective relief, the forum state's interest in adjudicating the dispute and "the interstate judicial system's interest in obtaining the most

efficient resolution of controversies, and the interest of the several states in furthering fundamental substantive social policies." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. at 292, 100 S.Ct. at 564. The reasonableness of a court's exercising personal jurisdiction depends on an evaluation of these factors. *Asahi Metal Industry Co., Ltd. v. Superior Court of California, Solano County*, 480 U.S. 102, 107 S.Ct. 1026, 1034, 94 L.Ed.2d 92 (1987). However, the court need not evaluate these factors if it determines that defendants' contacts with Wyoming are insufficient to support its exercise of personal jurisdiction.

■■■■ According to the uncontradicted affidavits of the defendants, ABC Extrusion is a Colorado limited partnership, whose partners, except plaintiff, are residents of the state of Colorado. The partnership agreement was drafted in the state of Colorado and all other actions relating to the rights of the partners, the division of profits, or the liabilities, the formation, the dissolution, or the winding up of the partnership occurred in Colorado. Plaintiff entered into the partnership agreement in Colorado. The partnership conducts no activity in Wyoming nor do any of the defendants own property in the state of Wyoming, with the possible exception of Jack Brooks.[1] The only apparent contact that any of the defendants have with Wyoming is certain advertisements that the partnership places in a national trade magazine. Plaintiff's cause of action is related to events that occurred in Colorado and does not arise from any possible contact that defendants may have with the state of Wyoming. The court therefore concludes that plaintiff is requesting that this court exercise general personal jurisdiction. Such an exercise of jurisdiction, unlike specific jurisdiction, requires that defendants have continuous and systematic contacts with the state of Wyoming. *See Bearry*, 818 F.2d at 376 (more than a few contacts are necessary for the exercise of general personal jurisdiction).

Plaintiff argues that in personam jurisdiction is proper under *Burger King v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) and *Anderson v. Perry*, 667 P.2d 1155 (Wyo.1983). After reviewing these cases, however, the court disagrees. In *Burger King*, a Florida corporation, Burger King sued two Michigan defendants in the United States District Court for the Southern District of Florida for unauthorized operation of one of its franchises in Michigan. The Court held that Florida had personal jurisdiction because the Michigan defendants had purposely availed themselves of that forum by having entered into a franchise agreement in Florida, which provided that Florida law would govern the agreement. The Court found the choice of law provision significant in light of the continuous course of direct communications between the Michigan defendants and the Florida plaintiff. The "franchise dispute grew directly out of 'a contract which had a *substantial* connection with ... [Florida].'" *Burger King*, 471 U.S. at 479, 105 S.Ct. at 2186 (quoting *McGee v. International Life Insurance Co.*, 355 U.S. 220, 223, 78 S.Ct. 199, 201, 2 L.Ed.2d 223 (1957)) (emphasis added by Court in *Burger King*). Plaintiff's reliance on *Burger King* is misplaced because his partnership dispute does not arise from a contract that has a substantial connection with Wyoming. Plaintiff argues that defendants' contracting with a Wyoming resident establishes sufficient minimum contacts in this forum. In *Burger King* the Court held that "an individual's contract with an out-of-state party *alone* can[not] automati-

---

**1.** In this affidavit, plaintiff states that defendant Brooks is the president and chief operating officer of a number of companies conducting business in Wyoming. The court finds that Brooks's position in these entities does not establish sufficient minimum contacts in this forum to permit this court to exercise personal jurisdiction over him in a lawsuit unrelated to that position. The Supreme Court in *Shaffer v. Heitner*, 433 U.S. 186, 215–16, 97 S.Ct. 2569, 2585–86, 53 L.Ed.2d 683 (1977) rejected the argument that a defendant subjects himself to the general personal jurisdiction of a distant forum by accepting an executive position of an entity incorporated in that forum. The Court also rejected the notion that mere property ownership in the forum is a sufficient basis for jurisdiction in actions unrelated to the property. 433 U.S. at 209, 97 S.Ct. at 2582.

cally establish sufficient minimum contacts in the other party's home forum...." 471 U.S. at 478, 105 S.Ct. at 2185 (emphasis in original).[2] The court concludes that the Supreme Court's decision in *Burger King* does not support this court's exercise of in personam jurisdiction over defendants.

In reviewing *Anderson,* the court finds that it involved the assertion of specific personal jurisdiction. There, a Wyoming plaintiff, a subrogee of a home owner's association, sued a nonresident in a Wyoming court to recover sums expended in removing liens against a Wyoming condominium owned by the nonresident defendant. The Wyoming Supreme Court found that personal jurisdiction was proper because the action arose from the defendant's ownership of property in Wyoming. 667 P.2d at 1158. Thus, in *Anderson,* unlike here, plaintiff's cause of action related to defendant's contact with Wyoming. This court holds that in contrast defendants' contracting in Colorado with a Wyoming resident is an insufficient minimum contact to support an assertion of general personal jurisdiction in Wyoming.

Accordingly, IT IS ORDERED that Defendants' Motion to Dismiss for lack of in personam Jurisdiction is GRANTED.

---

**2.** The Supreme Court stated as follows: "If the question is whether an individual's contract with an out-of-state party *alone* can automatically establish sufficient contacts in the other party's home forum, we believe the answer is that it cannot." *Burger King,* 471 U.S. at 478, 105 S.Ct. at 2185 (emphasis in original).